RECEIVED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OCT 23 2020

PRO SE OFFICE

SCOTT A. MAIONE / TASHA J OSTLER

(List the full name(s) of the plaintiff(s)/petitioner(s).)

18 cv 7452 (KMK)(SD)

-against-

DR. HOWARD A. ZUCKER, et. al.,

(List the full name(s) of the defendant(s)/respondent(s).)

NOTICE OF APPEAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: OCT 2 3 2020

Notice is hereby given that the following parties: TASHA OSTLER and SCOTT MAIONE

(list the names of all parties who are filing an appeal)

in the above-named case appeal to the United States Court of Appeals for the Second Circuit

from the ☒ judgment ☐ order entered on: 9/25/2020

(date that judgment or order was entered on docket)

that: claims on behalf of the parents (Scott and Tasha) are dismissed.

(If the appeal is from an order, provide a brief description above of the decision in the order.)

10/20/20
Dated

Signature*

OSTLER, TASHA, J / MAIONE, SCOTT A
Name (Last, First, MI)

87 SHETLAND DRIVE    NEW CITY, NY 10956
Address    City    State    Zip Code

845-512-8314
Telephone Number

NOSHLER@AOL.COM
E-mail Address (if available)

---

* Each party filing the appeal must date and sign the Notice of Appeal and provide his or her mailing address and telephone number, EXCEPT that a signer of a pro se notice of appeal may sign for his or her spouse and minor children if they are parties to the case. Fed. R. App. P. 3(c)(2). Attach additional sheets of paper as necessary.

Rev. 12/23/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAIONE / OSTLER

Plaintiff(s),

-against-

DR. HOWARD A ZUCKER, et al.

Defendant(s).

Docket No: 18 cv 7452 (KMK)( SD )

NOTICE OF PRO SE APPEARANCE

I hereby enter an appearance on my own behalf in this action and request:

(please check one option below)

[✓] that all future correspondence be mailed to me at the address below, or

[ ] that all future correspondence be e-mailed to me at the e-mail address below. I have completed the attached Consent to Electronic Service.

I understand that if my address or e-mail address changes, I must immediately notify the Court and all parties.

T. OSTLER / S. MAIONE
Name (Last, First, MI)

[✓] Plaintiff
[ ] Defendant

87  SHETLAND DRIVE  NEW CITY, NY  10956
Address     City     State     Zip Code

845-572-8314
Telephone Number

NOSTLER@AOL.COM
e-mail address

10/20/20
Date

Signature

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### CIVIL APPEAL TRANSCRIPT INFORMATION (FORM D-P)
### FOR PRO SE APPELLANTS

A PRO SE APPELLANT MUST FILE THE ORIGINAL OF THIS FORM WITH THE CLERK OF THE SECOND CIRCUIT IN ALL CIVIL APPEALS WITHIN 14 CALENDAR DAYS AFTER FILING A NOTICE OF APPEAL.

| THIS SECTION MUST BE COMPLETED BY APPELLANT |||
|---|---|---|
| CASE TITLE<br><br>18-CV-7452(KMK) | DISTRICT  SOUTHERN | DOCKET NUMBER |
| | JUDGE  KARAS | APPELLANT |
| | COURT REPORTER | PRO SE APPELLANT  T. S. MALONE/OSTLER |

Check the applicable provision:
- [ ] I am ordering a transcript.
- [x] I am not ordering a transcript

Reason for not ordering a transcript:
- [ ] Copy is already available
- [ ] No transcribed proceedings
- [ ] Other (Specify in the space below):

PROVIDE A DESCRIPTION, INCLUDING DATES, OF THE PROCEEDINGS FOR WHICH A TRANSCRIPT IS REQUIRED (*i.e.*, oral argument, order from the bench, etc.)

METHOD OF PAYMENT:  [ ] Funds   [ ] CJA Voucher (CJA 21)

INSTRUCTIONS TO COURT REPORTER:
- [ ] PREPARE TRANSCRIPT OF PRE-TRIAL PROCEEDINGS
- [ ] PREPARE TRANSCRIPT OF TRIAL
- [ ] PREPARE TRANSCRIPT OF OTHER POST-TRIAL PROCEEDINGS
- [ ] OTHER (Specify in the space below):

DELIVER TRANSCRIPT TO: (APPELLANT'S NAME, ADDRESS, TELEPHONE)

I certify that I have made satisfactory arrangements with the court reporter for payment of the cost of the transcript. *See* FRAP 10(b). I understand that unless I have already ordered the transcript, I shall order its preparation at the time required by FRAP and the Local Rules.

APPELLANT'S SIGNATURE: Tasha Osler

DATE: 10/20/20

COURT REPORTER ACKNOWLEDGMENT: This section is to be completed by the court reporter. Return one copy to the Clerk of the Second Circuit.

| DATE ORDER RECEIVED | ESTIMATED COMPLETION DATE | ESTIMATED NUMBER OF PAGES |
|---|---|---|
| SIGNATURE OF COURT REPORTED | | DATE |

10/20/2020

*FROM:*
Scott Maione and Tasha Ostler, Pro Se Plaintiffs-Appellants
87 Shetland Drive, New City, NY 10956
P: 845.512.8314; F: 845.818.5405; noshler@aol.com

United States Court of Appeals for the Second Circuit (Pro Se Clerk)
40 Foley Square
New York, NY 10007

# RE: APPEAL OF PART OF 18-CV-7452 (KMK)

The Court,

We respectfully submit this letter in support of our request to appeal of a portion of Judge Karas' decision in 18-CV-7452. We are appealing *pro se* because our attorney of record cannot proceed and we have been unable to afford counsel.

While Judge Karas did provide us the opportunity to replead our complaint on behalf of our children, which we will be doing, he denied us the same on behalf of ourselves.

We firmly believe that this is a decision in error as there can be no distinction between us and our children where Medicaid law and reimbursement are concerned. Federal law prohibits "categorically eligible" adults, like minors, from copay responsibility for example.

Moreover, if Judge Karas believes the State system offers us all the due process we need, he does not signal a remedy to reconcile the State mandate of not reimbursing after being in receipt of the Medicaid card, but at the same time, putting us on a private, third party reimbursement plan that deems the Medicaid card virtually obsolete. That is to say, State provisions and federal law buttress each other unevenly, where the only remedy can be to compel the State to reimburse us for our medical costs.

Again, the State benefits in our case because we have disabled children; and private plans, unlike Medicaid managed plans, do not upcharge for disabled children. Thus, the more "cost effective", money saving measure for the State, is to cover us under the Family Health Plus Premium Assistance Program (the "FHP-PAP"),the only avenue the State could find to put Medicaid recipients on private plans, while at the same time deny reimbursement when the very foundation of the FHP-PAP is constructed around reimbursement of whatever the private insurer does not cover!

So the FHP-PAP program, which mandates reimbursement to family health plus members for ANY costs above and beyond what their private plan covers, has denied us simply because we are technically "Medicaid" recipients, who under State law cannot be reimbursed after receipt of the Medicaid card-even though the card, in our case, is moot and irrelevant. The State is having its cake and eating too at our expense and Judge Karas believes we can find remedy at the State

level? But how? Please see Greenstein by Horowitz v Bane, 833 F. Supp. 1054 SDNY 1993) for an astute analysis by the Southern District of New York that clearly displays the frustration and the inability of litigants to be afforded redress as a result of the Medicaid reimbursement paradigm. (See Catanzano v Wing, 103 F.3d 223, (2nd circuit 1996) ; see also Anderson v Ghaly, 903 F. 3d 1066, 1077 (9th cir. 2019).)

Judge Karas goes on to point to the fair hearing system and erroneously claims that we didn't take advantage of fair hearings when in fact we did and the ALJ decided not to address these issues under the claim, in part, that determining whether the State Policy in question is lawful is "beyond their jurisdiction." How then does that offer us a remedy?

Finally, Judge Karas points to the prior decisions of Judge Furman and Judge Eisenpress. First, Judge Furman's specifically targeted transportation reimbursement, as the complaint before him had nothing to do with medical expense reimbursement such as copays and medical supplies. Thus, res judicata could not apply.

Moreover, when Judge Furman made his decision, fair hearings had not even been convened yet, so it was premature to determine what process the State would indeed offer in the end. Judge Furman erroneously assumed that just because there is State system in place that it functions to the degree that we can automatically assume it offers due process; I believe the word he offered was "robust". Well for that to be there must a remedy, and in our distinct case, the fair hearing system has fallen short of offering ANY remedy, robust or otherwise, particularly in the face of the ALJ refusing to make a determination on the lawfulness of a clearly illegal Transportation Policy (it was never approved by the Center for Medicare/Medicaid Services or "CMS") and in fact going one step further and admitting that the law that the State used to find against us was meant for providers and not recipients, like ourselves, but found for the State anyway simply because the law was contained within the State Transportation Policy (again, despite admission in the Decision by the ALJ that the 90 day submission law pertained only to providers and was contained within a Policy that they refused to declare lawful). Would Judge Furman still consider the system "robust" had he not made his decision before the case was ripe and the Hearings held?

Judge Eisenpress too referred us to the fair hearing system, where again, not only was the original ALJ who awarded us our first victory in 2014 (ALJ Sarah Mariani) instructed not to preside over any more of our fair hearings (an ethical breach that has been strangely ignored by both Judge Furman and Judge Karas despite evidence in plain support of the maneuver), but the replacement AJL essentially recused himself on the grounds that the fair hearing forum could not determine the lawfulness of the policies in place and wholly ignored the reimbursement receipt/invoice submissions as if they never happened-despite the record showing they had!

An article 78 is not a remedy but an appeal reserved for an error in interpretation of the law, not for gross defiance of due process, which is a primary right protected under the constitution and where this matter belongs.

We ask that you allow us to proceed *pro se* and in forma pauperis which Appeal will demonstrate that the SDNY indeed is the proper forum for our complaint as individuals and not solely as parents.

Respectfully Submitted,

Tasha Ostler and Scott Maione


CC: John P. Gasior, Esq.
Office of the Attorney General of New York State

Thomas E. Humbach, Esq.
County of Rockland Department of Law New City, NY; New York, NY

PRESS FIRMLY TO SEAL

U.S. POSTAGE PAID
PME 1-Day
NANUET, NY
10954
OCT 22, 20
AMOUNT
**$26.35**
R2305K139434-16

1007 10007

UNITED STATES POSTAL SERVICE®

# PRIORITY® MAIL EXPRESS

RECEIVED
OCT 23 2020
PRO SE OFFICE

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

PS10001000006

UNITED STATES POSTAL SERVICE® | PRIORITY MAIL EXPRESS®

USM P3

EJ 478 521 124 US

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT) PHONE 845, 512 8714

Ostler/Malone
87 Shetland Dr.
New City, NY 10956

**DELIVERY OPTIONS (Customer Use Only)**

☐ SIGNATURE REQUIRED *Note:* The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

Delivery Options
- ☐ No Saturday Delivery (delivered next business day)
- ☐ Sunday/Holiday Delivery Required (additional fee, where available*)
- ☐ 10:30 AM Delivery Required (additional fee, where available*)

*Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT) PHONE (212) 805-0175

Pro Se Unit
U.S. Courthouse
500 Pearl St. #200

ZIP + 4® (U.S. ADDRESSES ONLY)
10007-

- For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
- $100.00 insurance included.

**PAYMENT BY ACCOUNT (if applicable)**

| USPS® Corporate Acct. No. | Federal Agency Acct. No. or Postal Service™ Acct. No. |
|---|---|
| | |

**ORIGIN (POSTAL SERVICE USE ONLY)**

☐ 1-Day ☐ 2-Day ☐ Military ☐ DPO

| | | | |
|---|---|---|---|
| PO ZIP Code: 10954 | Scheduled Delivery Date (MM/DD/YY): 10/23/20 | Postage: $ 26.35 | |
| Date Accepted (MM/DD/YY): 10/22/20 | Scheduled Delivery Time: ☐ 10:30 AM ☐ 3:00 PM ☐ 12 NOON | Insurance Fee: $ | COD Fee: $ |
| Time Accepted: 2:58 ☐ AM ☐ PM | 10:30 AM Delivery Fee: $ | Return Receipt Fee: $ | Live Animal Transportation Fee: $ |
| Special Handling/Fragile: $ | Sunday/Holiday Premium Fee: $ | Total Postage & Fees: $ 26.35 | |
| Weight: 9 ☐ Flat Rate lbs. ozs. | Acceptance Employee Initials: B | | |

**DELIVERY (POSTAL SERVICE USE ONLY)**

| Delivery Attempt (MM/DD/YY) | Time | Employee Signature |
|---|---|---|
| | ☐ AM ☐ PM | |
| | ☐ AM ☐ PM | |

LABEL 11-B, MARCH 2019 PSN 7690-02-000-9996

EP14 PEEL FROM THIS CORNER
OD: 12 1/2 x 9 1/2

Money Back Guarantee to U.S., select APO/FPO/DPO, and select International destinations. See DMM and IMM at pe.usps.com for complete details.
Money Back Guarantee for U.S. destinations only. * For Domestic shipments, the maximum weight is 70 lbs. For International shipments, the maximum weight is 4 lbs.

