UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
SCOTT MAIONE and TASHA OSTLER, :
(On Behalf of Their Infant Children) :
　　　　　　　　　　　　　　　　　　　　　　　: 　　18-CV-07452 (KMK) (PED)
　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　Plaintiffs, :
　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　-against- 　　　　　　　　　　　　:　　**DECLARATION OF**
　　　　　　　　　　　　　　　　　　　　　　　:　　**JOHN GASIOR IN**
DR. HOWARD A. ZUCKER, Commissioner of the New : 　　**SUPPORT OF STATE**
York State Department of Health, The New York State : 　　**DEFENDANTS' MOTION**
Department of Health SAMUEL D. ROBERTS, 　　 : 　　**TO DISMISS THE**
Commissioner of the New York State Office of Temporary : 　　**SECOND AMENDED**
and Disability Assistance-Office of Administrative 　: 　　**COMPLAINT**
Hearings, The Office of Temporary and Disability 　　:
Assistance-Office of Administrative Hearings, JOAN 　:
SILVESTRI, Commissioner, Rockland County Dept. of 　:
Social Services, and Susan Sherwood, Former 　　　　:
Commissioner of Rockland County Dept. of Social 　　:
Services, 　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　Defendants 　　　:
------------------------------------------------------------------------x

　　　　**JOHN GASIOR**, an attorney admitted to practice in the State of New York and before this Court, declares under the penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true:

　　　　1.　　I am an Assistant Attorney General in the Office of Letitia James, Attorney General of the State of New York, attorney for defendants the New York State Department of Health ("DOH"), Dr. Howard Zucker, as Commissioner of DOH, the New York State Office of Temporary and Disability Assistance ("OTDA"), Michael P. Hein, Commissioner of OTDA and Samuel D. Roberts, former Commissioner of OTDA (collectively "State Defendants") in the above-captioned matter. Mr. Hein is the current Commissioner of OTDA and, as the successor to Samuel D. Roberts, Mr. Hein is automatically substituted as a party for those claims that were asserted against Mr. Roberts in his official capacity as OTDA's commissioner. See Fed. R. Civ.

P. 25(d). I submit this declaration in support of the State Defendants' Motion to Dismiss the Second Amended Complaint ("SAC").

2.  Exhibits A, B, C, D, E, F, G and I attached hereto are not directly referenced in State Defendants' memorandum of law in support of their motion to dismiss the SAC. They were included as exhibits to my November 13, 2019 declaration in support of State Defendants' prior motion to dismiss the first amended complaint. See ECF No. 115. These exhibits are attached for the convenience of the Court and to assure that the Court has exhibits that were initially before the Court when it ruled on State Defendants' motion to dismiss the first amended complaint.

3.  Attached hereto as Exhibit A is true and correct copy of a decision issued by Rockland County New York Supreme Court Justice Eisenpress on November 27, 2017, in the case titled Ostler and Maione v. New York State Department of Health, et al., Index No. 000610/2017.

4.  Attached hereto as Exhibit B is true and correct copy of a portion of the Amended Petition for Mandamus, filed with the Supreme Court of the State of New York, County of Rockland, Index No. SU-2017-000610. Exhibit B contains all of the allegations in the petition filed with Rockland County Supreme Court and the index of exhibits attached to the petition. The exhibits are comprised of 214 additional pages which will be supplied to the Court should the Court deem them necessary. Exhibit B is the article 78 petition which was the subject of Justice Eisenpress's decision, which is attached hereto as Exhibit A.

5.  Attached hereto as Exhibit C is true and correct copy of the complaint filed in Maione v. Medical Answering Services, No. 17-cv-8106 (S.D.N.Y., Furman, J.) ("Maione I"). Because the copy of the complaint filed on the S.D.N.Y. Electronic Case Filing system is missing the page with paragraphs 89-94, I have inserted that page from the copy of the complaint

that was served on my client in that case, the New York State Department of Health. The plaintiffs in that action, Scott Maione and Tasha Ostler, are the same plaintiffs as in the first amended complaint in this action, parents of the children named as plaintiffs in the SAC.

6. Attached hereto as Exhibit D is true and correct copy of the Notice of Appeal filed by the Mr. Maione and Ms. Ostler in the Maione I Litigation.

7. Attached hereto as Exhibit E is true and correct copy of an order issued by the United States Court of Appeals for the Second Circuit in the Maione I Litigation.

8. Attached hereto as Exhibit F is true and correct copy of a petition filed by the Mr. Maione and Ms. Ostler in the Supreme Court of the State of New York, Rockland County, Index number 830-2019. I obtained a copy of this petition from the New York State Attorney General's White Plains office which is representing the respondents, Howard Zucker and the New York State Department of Health in the proceeding.

9. Attached hereto as Exhibit G is true and correct copy of another petition filed by Mr. Maione and Ms. Ostler in the Supreme Court of the State of New York, Rockland County, Index number 1044-2019. I obtained a copy of this petition from the New York State Attorney General's White Plains office which is representing the respondents, Howard Zucker and the New York State Department of Health in the proceeding.

10. Pursuant to Rule II.B of the Court's Individual Rules of Practice, attached hereto as Exhibit H is a true and correct copy of the Second Amended Complaint in this action, ECF No. 154, along with true and correct copies of the exhibits to the SAC, Exhibits H154-1A, H154-1B, H154-1C H154-1D H154-1E and H154-1F.

11. Attached hereto as Exhibit I is true and correct copy of the Decision After Fair Hearing dated November 13, 2014, which is referred to in the SAC as the "Mariani Decision." See SAC ¶ 38.

12. Attached hereto as Exhibit J is true and correct copy of an order issued by the United States Court of Appeals for the Second Circuit in Maione et al. v. Medical Answering Services, LLC et al., [2d Cir. Index No. 18-3205] (April 3, 2019).

13. Attached hereto as Exhibit K is true and correct copy of a decision by Justice Paul I. Marx of New York State Supreme Court, Rockland County, issued in Ostler and Maione v. NYS Dep't of Health, et al., (Sup. Ct., Rockland Cnty., Index No. 1044/2019, Feb. 19, 2020).

14. Attached hereto as Exhibit L is true and correct copy of an order by Justice Paul I. Marx of New York State Supreme Court, Rockland County, issued in Ostler and Maione v. NYS Dep't of Health, et al., (Sup. Ct., Rockland Cnty., Index No. 1044/2019, June 29, 2020).

15. Attached hereto as Exhibit M is true and correct copy of an order by Justice Paul I. Marx of New York State Supreme Court, Rockland County, issued in Application of Scott Maione et al. v. Zucker et al., (Sup. Ct., Rockland Cnty., Index No. 830/2029, Feb. 4, 2020). Note that the petitioners in that proceeding, Scott Maione and Tasha Ostler, are represented by counsel representing them in this action, Louis J. Maione, Esq.

16. Attached hereto as Exhibit N is true and correct copy of a March 2021 claim filed by Mr. Maione and Ms. Ostler with the New York State Court of Claims.

17. Attached hereto as Exhibit O is true and correct copy of the declaration of Andrew Purrott ("Purrott Decl."). The Purrott Decl. previously was submitted in support of State Defendants' successful motion to dismiss the first amended complaint. It was filed as ECF

No. 116 and was subsequently cited in the Court's Opinion and Order, Maione v. Zucker, No. 18-cv-7452 (KMK), 2020 WL 5751582, at *5 (S.D.N.Y. Sept. 24, 2020).

    18.    For the Court's convenience, attached hereto as Exhibit P is true and correct copy of the first amended complaint filed in this action, ECF No. 106.

Dated: New York, New York
June 4, 2021

_____
John Gasior