# Gasior Declaration
# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-------------------------------------------------------------X
TASHA OSTLER and SCOTT MAIONE,

                      Petitioner,      Index No. 000610/2017

                                  **DECISION and ORDER**

- against-

New York State Department of Health, Rockland
County Department of Social Services, New York
State Officer of Temporary and Disability Assistance-
Department of Administrative Hearings,

                      Respondents.

For a Judgment Pursuant to Article 78 of the
Civil Practice Law and Rules
-------------------------------------------------------------X
*Sherri L. Eisenpress, A.J.S.C.,*

        The following papers, numbered 1 to 7, were considered in connection with Respondents' Motions to Dismiss, pursuant to CPLR 3211(a)(3)(4)(5) and (7), dismissing the "Amended Petition for Mandamus" on the grounds that (i) Petitioners lack standing to assert a claim on behalf of their daughter "MM" in this proceeding; (ii) Petitioners have failed to exhaust administrative remedies; (iii) such action is barred by the Statute of Limitations; and (iv) Petitioners have failed to state a cause of action:

| **PAPERS** | **NUMBERED** |
|---|---|
| NOTICE OF PETITION/AMENDED VERIFIED PETITION FOR MANDAMUS/ EXHIBITS "A"-"CC" | 1-2 |
| NOTICE OF MOTION TO DISMISS/AFFIRMATION OF ELIZABETH BALSAMO DI STEFANO, ESQ. IN SUPPORT/EXHIBIT "1" | 3-4 |
| NOTICE OF MOTION TO DISMISS/AFFIRMATION IN SUPPORT OF TERRANCE DEROSA, ESQ./EXHIBIT "1" | 5-6 |
| AFFIDAVITS OF PETITIONERS IN REPLY TO RESPONDENTS' OPPOSITION | 7 |

        Upon the foregoing papers, the Court now rules as follows:

### Background

        Petitioners are the parents of twins--a boy, "JM", and a girl, "MM"-- born in 2011

1

with significant medical conditions requiring hospitalization and the necessity of on-going medical treatment. On or about April 27, 2011, Petitioners applied for Supplemental Social Security Income and Medicaid on behalf of their children. Petitioners made numerous requests for reimbursement of un-reimbursed out of pocket medical expenses for JM and MM, many of which were denied. On or about October 26, 2012, Petitioners requested a Fair Hearing to contest the denial of JM's claims. A separate Fair Hearing request was also made for MM. In July of 2013, Petitioners requested another Fair Hearing regarding the denial of additional claims for JM that were not covered by Medicaid. The Fair Hearings assigned the numbers 6223734H and 6430171H with respect to JM were consolidated and then assigned to Administrative Law Judge Sara Mariani ("ALJ"). According to her decision, Judge Mariani held a hearing on August 6, 2013, February 19, 2014 and June 9, 2014 on the consolidated matters.

On November 13, 2014, Thelma Lee, New York State Department of Health Commissioner's Designee, issued a decision and order regarding FH #6223734H and FH 6430171H based on Judge Mariani's findings. ("Decision After Fair Hearing.") The decision held that the determination to deny reimbursement to Petitioners for medical expenses and co-pays related to JM was incorrect and was reversed. The decision referenced three submissions for reimbursement, which are as follows: First Submission- $13,559.02; Second Submission- $18,434.22 and Third Submission- $522.74.

With regard to the period of "retroactive eligibility[1]" which the court established

---

[1] The "retroactive eligibility" period begins on the first day of the third month that precedes the month the applicant applies for assistance. During this period of time, reimbursement of paid medical expenses deemed to be medically necessary may be made directly to Medicaid recipients or their representatives for covered care and services obtained during the period. While normally reimbursement is made at the Medicaid rate, direct reimbursement is not limited to the Medicaid rate or fee in instances where agency error or delay caused the recipient or the recipient's representative to pay for medical services which should have been paid under the Medicaid program. After the application has been submitted, reimbursement may be directly made to a Medicaid eligible individual or his or her representative for paid bills that are (i)

to be from February 1, 2011, through October 20, 2011, it was determined that Petitioners were entitled to direct reimbursement for various medical expenses and co-pays. Additionally, the court determined that certain expenses submitted for reimbursement may be eligible for EPSDT[2] coverage once the Petitioners were deemed Medicaid eligible. However, because there was no evidence that the EPSDT guidelines and federal regulations were applied to these claims, they should not have been denied.

For claims submitted for the period after October 20, 2011, the ALJ rejected the Rockland County Department of Social Services' ("County") assertion that after the issuance of the "Dear SSI Beneficiary" letter and receipt of the Appellant's client identification card, on or about October 20, 2011, that the Petitioners were not entitled to direct reimbursement. The ALJ found that the evidence clearly and convincingly established that the Petitioners did not receive the County's "Dear Beneficiary" letter and Medicaid card until late November, 2011, based on the documents being mailed to the wrong address. As such, the ALJ increased the retroactive eligibility period from October 20, 2011, through the date of December 1, 2011. As such, the County was required to evaluate the Petitioners' request for direct reimbursement for the period from February 1, 2011, through December 1, 2011.

After the Decision after Fair Hearing, the County reimbursed Petitioners for $31,793.70 in medical expenses pursuant to the ruling. Thereafter, it is alleged that the County

---

incurred during the "post-retroactive period", which begins on the date of application and ends on the date the individual receives a CBIC card; (ii) is medically necessary; (iii) is covered by the Medicaid Program; and (iv) is within Medicaid requirements for amount, duration and scope, and is provided by Medicaid enrolled providers.

[2] "EPSDT", or the Early and Periodic Screening, Diagnostic, and Treatment Program, allows for necessary medical or remedial care for Medicaid eligible children under the age of 21, even if Medicaid would not otherwise provide for these services to other recipients or provides for such services to a lesser amount, duration or scope.

3

rejected certain submissions for reimbursement during the period of July 2013, through March 2015. Petitioners then filed a compliance complaint with the New York State Office of Temporary and Disability Assistance in order to obtain compliance with the Decision After Fair Hearing. On January 21, 2015, the New York State Office of Temporary and Disability Assistance ("NYSOTDA") responded to the compliance complaint stating that, in its view, the local agency had complied with the terms of the Decision After Fair Hearing.

On or about August 5, 2016, Petitioners wrote to the Commissioner of the New York State Department of Health ("NYSDOH"), the Commissioner of Rockland County Department of Social Services, the Commissioner of NYSOTDA, the New York State Attorney General, and the United States Department of Justice, requesting compliance with the Decision After Fair Hearing. Specifically, Petitioners sought reimbursement to them for "all unpaid medical costs from the last paid receipt to today and, in fact, until he is either no longer disabled (which may never be) or he is no longer a minor." They also sought similar compensation for their daughter, MM.

By letter dated October 14, 2016, the NYSDOH responded to Petitioners' August 5, 2016, letter, in which it was explained that the November 13, 2014, fair hearing decision dealt with their request for direct reimbursement for medical bills incurred during the three-month "retro period" prior to JM's Medicaid application and that they had been directly reimbursed in the amount of $32,515.98 for certain bills incurred during this period. With respect to the request for expenses after the retro period and continuing into the future, the letter advised in relevant part:

> Medicaid reimbursement is not available for out-of-pocket expenses incurred after a recipient has been found eligible for the Medicaid program and has received a Common Benefit Identification Card (CBIC). Records indicate that all members of your family have received CBICs. Once the CBIC is received, all

4

> reimbursement is made to Medicaid-enrolled providers who furnish care and services covered in the Medicaid benefit package.
>
> Non-medical household or hygienic items, child developmental toys, and the typical furniture and furnishings of a child's room, are not covered by the Medicaid program...Nor are you correct in asserting that federal Early and Periodic Screening, Diagnostic, and Treatment Services (EPSDT) provision require that direct reimbursement must be made to recipients for any and all such items...The service still must be a medical service recognized by federal Medicaid law, as set forth at 42 USC Sec. 1396(a), and be delivered by a qualified health provider.
>
> With respect to third party health insurance copayments and premiums, once an individual has been determined eligible for Medicaid and has received the CBIC, the Medicaid program has the option to pay for any such copayments or premiums if the agency determines payment to be cost-effective...If the agency determines payment is cost-effective, payment may be made to the insurance carrier or other appropriate third-party, not to the recipient.

Lastly, the letter advised Petitioners that to the extent there has been a denial of reimbursement for expenses since the receipt of the CBIC and they disagree with that determination, that they have the right to request an administrative fair hearing within 60 days of the agency determination.

On December 14, 2016, a Corrected Decision After Fair Hearing was issued with respect to the November 13, 2014, Decision After Fair Hearing. The Corrected Decision was accompanied by a letter to Petitioner Ostler, from Darla P. Oto, Principal Hearing Officer, which indicated that "Subsequently, the Office of Health Insurance Programs (OHIP) contacted the Office of Administrative Hearings (OAH), claiming that the Decision contained an error of law regarding the subject of reimbursement of third party health insurance premiums in the retroactive period contained in the Discussion section. OAH reviewed the fair hearing record in response to OHIP's notification and concurs with its position." As such, Petitioners were advised that the Decision after Fair Hearing would be vacated and a Corrected Decision After Fair Hearing, rectifying the error of law, would therefore be substituted. By Petitioners own

admission, the Corrected Decision left the substance of the decision intact and unchanged, asserting that "the ONLY change was a cryptic 'discussion' section which offered zero relief to Petitioner."

### The Parties' Contentions

On April 18, 2017, Petitioners, *pro se*, commenced the instant Article 78 proceeding. On or about May 24, 2017, an Amended Petition was filed. In the Amended Petition, the Petitioners seek the following relief: (i) reimbursement of MM's medical expenses from birth ongoing per collateral estoppel and Directive to Similar Cases; (ii) reimbursement of the difference between items reimbursed at the Medicaid rate and cost billed and paid by Petitioner; (iii) reimbursement of Petitioners' family's out of pocket medical expenses, and co-pays and deductible payments from 2011 ongoing; (iv) replace the "corrected" 2016 decision with the "vacated" original 2014 decision; (v) issue a "Directive to Similar Cases" (18 NYCRR 358-6.5 and State Legal Memorandum 91 LCM-100, 5/29/1991) to Rockland County DSS, NYS OHIP, and the OTDA pertaining to DME, medical supply, co-pay and premium reimbursement to categorically needy population (i.e. our disabled children on SSI, households such as ours living under 100% of the Federal Poverty Guideline); and (vi) awarding attorneys' fees in favor of Petitioner and against Respondents in an amount to be determined at the conclusion of this proceeding.

In their Amended Petition, Petitioners assert that the County and State failed to provide them with "ongoing reimbursement for JM and MM, per equitable principles of res judicata and collateral estoppel resulting from hearing decision #6223734H." More specifically, Petitioners seek a Mandamus directing that the Respondents comply with the Decision and reimburse JM for all medical expenses, including co-pays, deductibles, and additional miscellaneous over the counter supplies, durable medical equipment and items of "medical necessity" from July 2013, to date, and "ongoing." It is Petitioners' contention that with regard

to "medical necessity" that "if the item was no longer medically necessary, the Petitioner wouldn't be buying it anymore." They seek the same mandamus with respect to MM. With regard to MM, Petitioners argue that 18 NYCRR 358-6.3, "Direction Relative to Similar Cases" requires application of JM's fair hearing decision to expenses incurred on behalf of MM.

Respondent County and Respondents NYSDOH and NYSOTDA all moved to dismiss the Petition on essentially similar grounds. They argue that Petitioners lack standing to assert claims on behalf of MM, as she was not a party to this litigation. Respondents also claim that with respect to MM, the action must be dismissed because Petitioners have failed to exhaust their administrative remedies given the fact MM's right to reimbursement is the subject of a different Fair Hearing #6500902Z, which has not yet concluded and a final administrative determination has not yet been made. Similarly, there are also two other administrative hearings pending for MM including for reimbursement of additional medical expenses and transportation costs. Respondents also argue that with respect to JM, there are presently four pending Fair Hearings related to the denial of claims for reimbursement for various items, including transportation costs.

Respondents also contend that the Amended Petition fails to state a cause of action because Petitioners are not entitled to any of the relief sought. Specifically, they assert that mandamus is not appropriate because Petitioners have failed to point to a positive statutory command entitling them to reimbursement for all of the receipts submitted and because the amount of medical assistance benefits to which an individual is entitled is a discretionary determination made by the administrative agency. Respondent County also points out that pursuant to 18 NYCRR 360-7.5(a)(4) and OHIP directive 10 OHIP/ADM-9, which governs a Medicaid recipient's pre-application and post application retroactive eligibility periods, upon receipt of a CBIC, no reimbursement may be made for expenses paid out of pocket by the

recipient or representative, incurred after that date. In this case, the Decision after Hearing determined that the post-application retroactive period ended on December 1, 2011.

Lastly, Respondent County argues that the Article 78 proceeding must be dismissed because the Statute of Limitations had run prior to the commencement of this action. Respondent argues that the letter of January 21, 2015, indicated that the County had complied with the Decision of November 13, 2014, rendered that decision final and binding and hence the four month State of Limitations began to run on that date. In the alternative, the County argues that the August 5, 2016, letter from the NYSDOH, which addresses the failure to pay bills that were submitted subsequent to the Decision After Hearing, advised Petitioners that if they disagreed with those denials, that they had the right to request an administrative hearing within 60 days after the agency determination. As no action was timely brought within four months of that letter, they assert that Petitioners action must be dismissed.

In Reply, Petitioners argue that the attorneys' affirmations lack personal knowledge, as they were not present at the hearings, and as such, should be disregarded. With respect to the failure to exhaust administrative remedies, Petitioners acknowledge that they are aware of the right to request a Fair Hearing following the County's rejection of the reimbursement requests for supplies, co-pays, etc. While they admit to having made such requests, they nonetheless argue that although they protected JM's due process rights by doing so, they are still entitled to a Mandamus, as these are not mutually exclusive requests. Petitioners further argue that because Petitioner's supplies and payments for reimbursement were previously determined by his doctor to be medically necessary, and because they were previously reimbursed, they should not have to go before another Administrative Law Judge to determine subsequent requests for similar claims. In this regard, they note that they were reimbursed for claims made after the retroactive period, and as such, similar reimbursement

8

should continue.

### Discussion

Respondents move to dismiss Petitioners' claims with respect to JM's twin sister, MM, on the ground that Petitioners lack standing to bring this action and because MM has failed to exhaust her administrative remedies. As an initial matter, MM was not a named party in the Fair Hearing that resulted in a Decision after Hearing rendered on November 13, 2014, or in the Corrected Decision dated December 14, 2016, which forms the basis of this Article 78 proceeding. A review of the findings of fact and decision only reference the child JM, his date of birth, his medical diagnosis and notices that he received regarding the qualification of benefits. Additionally, the Amended Petition for Mandamus states on its face that "this Petition is brought under Article 78 of the Civil Practice Law and Rules of New York ("CPLR"), by Tasha Ostler and Scott Maione, on behalf of their disabled infant child, JM[3] ("Petitioner".) "

As a general rule, one does not have standing to assert claims on behalf of another. Caprer v. Nussbaum, 36 A.D.3d 176, 182, 825 N.Y.S.2d 55 (2d Dept. 2006). "Generally, standing requires an injury in fact and is considered in light of the following 'prudential limitations: a general prohibition on one litigant raising the legal rights of another; a ban on adjudication of generalized grievances more appropriately addressed by the representative branches; and the requirement that the interest or injury asserted fall within the zone of interests protected by the statute invoked.'" Hebel v. West, 25 A.D.3d 172, 803 N.Y.S.2d 242, 245 (3d Dept. 2005). In the instant matter, it is the Court's determination that with respect to the instant Article 78 Petition, Petitioners do not have standing to assert a claim on behalf of MM. MM has not suffered an injury in fact based upon JM's Decision After Hearing or the Corrected Decision After Hearing. To the contrary, MM has her own pending Fair Hearing

---

[3] While Petitioners state their son's full name, this Court has chosen to use initials to protect his identity in a public document.

9

Decision with respect to the denial of claims for reimbursement related to her.

Nor does this Court find that the doctrines of collateral estoppel or res judicata require application of the ruling with respect to JM, to be applied to MM and any claims for reimbursement that may have been asserted on her behalf. "Collateral estoppel applies when (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits. Alamo v. McDaniel, 44 A.d.3d 149, 841 N.Y.S.2d 477, 481 (1st Dept. 2007). "The plaintiffs have the burden of establishing that the identical issue was necessarily decided in the administrative proceeding." Akqul v. Prime Time Transportation, Inc., 293 A.D.2d 631, 633, 741 N.Y.S.2d 553 (2d Dept. 2002).

Here, it cannot be said that Petitioners have met their burden of establishing that the issues are identical with respect to both children. While the children may be twins, this does not compel the conclusion that their medical issues are identical, or that all expenses deemed to be medically necessary for one child, are automatically necessary for the other. Moreover, Petitioners not only seek to have JM's decision apply to MM with respect to the retroactive period which was the subject of the Decision After Hearing, but also to all submissions going forward. Even assuming *arguendo* that certain expenses were "medically necessary" during the first two years of MM's life, as they were for JM, this does not mean that the same expenses will be deemed "medically necessary" during the next two, or four or even ten years.

Likewise, Petitioners reliance on 18 NYCRR 358-6.3, entitled "Direction relative to Similar Cases," and 18 NYCRR 358-6.5, entitled "Compliance with direction relative to similar cases," is misplaced. Section 358-6.3 states:

10

> When a fair hearing decision indicates that a social services agency has misapplied provision of law, department regulations, or such agency's own State-approved policy, the commissioner's letter transmitting such decision to such agency may contain a direction to the agency to review other cases with similar facts for conformity with the principles and findings in the decision.

Section 358-6.5 states:

> When a direction has been given to a social services agency to correct a misapplication of law, department regulations or such agency's own State-approved policy in all cases similar to the one in which a decision has been issued, such social services agency must report the actions it has taken to comply with such direction to the department within 30 days after receipt of the direction. The social services agency must make such additional reports as the department may required.

In the instant matter, neither the Decision After Hearing, or the Corrected Decision After Hearing, were accompanied by a letter to the agency directing the agency to review other cases with similar facts for conformity with the principles and findings in the decision. As such, the cited provisions are inapplicable to the matter at bar.

Additionally, it is this Court's determination that claims asserted in the Petition with respect to MM, as well as denied claims for reimbursement for JM for the period of time after the Decision After Hearing was issued, must be dismissed based upon the failure to exhaust administrative remedies. "It is hornbook law that one who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law." Watergate II Apartments v. Buffalo Sewer Authority, 46 N.Y.2d 52, 412 N.Y.S.2d 821, 824 (1978); Laureiro v. New York City Dept. Of Consumer Affairs, 41 A.D.3d 717, 719, 837 N.Y.S.2d 746 (2d Dept. 2007). "Absent extraordinary circumstances, courts are constrained not to interject themselves into ongoing administrative proceedings until final resolution of those proceedings before the agency." Town of Oyster Bay v. Kirkland, 81 A.D.3d 812, 917 N.Y.S.2d 236, 239 (2d Dept. 2011); Tahmisyan v. Stony Brook University, 74 A.D.3d 829, 830-831, 902 N.Y.S.2d 617 (2d Dept. 2010).

The exhaustion rule, however, is not an inflexible one and is subject to important qualifications. The Court of Appeals has held that exhaustion is not required where the agency's action is challenged as being either unconstitutional or wholly beyond its authority as a matter of law, where administrative remedy is futile or where its pursuit would cause irreparable injury. Watergate II Apartments, 46 N.Y.2d at 57; Nazir v. Charge & Ride, Inc., 95 A.D.3d 1215, 945 N.Y.s.2d 179 (2d Dept. 2012); Grattan v. Department of Social Services of the State of N.Y., 131 A.D.2d 191, 193, 521 N.Y.S.2d 162 (3d Dept. 1987).

18 NYCRR Sec. 358-3.1(b) provides for a right to a fair hearing where an application for assistance, benefits, or services has been denied by a social service agency. Thus, prior to seeking relief pursuant to CPLR Article 78, claims for reimbursement were required to be presented at a fair hearing and a final administrative determination made. In the instant matter, Respondents correctly point out that there are three administrative hearings pending for MM, including for reimbursement of additional medical expenses and transportation costs. Respondents also argue that with respect to JM, there are presently four pending Fair Hearings related to the denial of claims for reimbursement for various items including transportation costs. Because these hearings remain open to date, and there has been no final administrative determination, this Court is precluded from addressing them.

Petitioners, in reply, have not asserted the applicability of any of the exceptions to the exhaustion doctrine. Moreover, because Petitioners' claims involve factual questions reviewable at the administrative level, their failure to exhaust their administrative remedies cannot be excused by the mere assertion of futility or a constitutional violation . Ayala v. Berlin, 92 A.D.3d 607, 608, 940 N.Y.S.2d 217 (1st Dept. 2012). Thus, the Petition must be dismissed in that it has failed to state a cause of action for judicial relief. See Grande v. Nassau County, 275 A.D.2d 457, 458, 712 N.Y.S.22d 894 (2d Dept. 2000); Brunjes v. Nocella, 40 A.D.3d 1088,

1089, 837 N.Y.S.2d 266 (2d Dept. 2007); Iacone v. Building Department of Oyster Bay Cove Village, 32 A.D.3d 1026, 821 N.Y.S.2d 654 (2d Dept. 2006).

Furthermore, Petitioners have failed to state a cause of action based upon the relief requested in the Amended Petition, specifically their requests for a mandamus. Mandamus is an extraordinary remedy that, by definition, is available only in limited circumstances. Klostermann v. Cuomo, 61 N.Y.2d 525, 537, 475 N.Y.S.2d 247 (1984). An Article 78 proceeding in the nature of mandamus is an appropriate remedy to compel performance of a statutory duty that is ministerial in nature but not one in respect to which an officer may exercise judgment or discretion. Matter of Posner v. Levitt, 37 A.D.2d 331, 332, 325 N.Y.S.2d 519 (3d Dept. 1971). A ministerial act amenable to mandamus has been defined as a specific act which the law requires a public officer to do in a specified way on conceded facts without regard to his own judgment. Id.

In the instant Amended Petition, Petitioners request an mandamus ordering Respondent County to (i) reimburse the Petitioners for medical expenses from birth until some undefined time in the future with respect to MM; (ii) to reimburse the family for out of pocket medical expenses, co-pays and deductible payments from 2011 until some undefined point in time in the future; (iii) replace the "corrected 2016 decision with the "vacated" original 2014 decision; and (iv) issue a "Directive to Similar Cases" to the County with respect to reimbursement of medical supply, co-pay and premium reimbursement to categorically needy population, including Petitioners. None of these actions are subject to mandamus by this Court as they are either impermissible (replacing the corrected decision or issuing a "Directive to Similar Cases) or they require an act of discretion and are not ministerial in nature (reimbursement of medical expenses, co-pays, etc.)

13

Essentially, Petitioners ask this Court to compel Respondents to act in a specific manner, i.e. direct the agency to provide direct reimbursement to Petitioners for expenses incurred in the future, without a determination as to whether the requests are proper under the Medicaid law.[4] While the writ of mandamus may be addressed to subordinate judicial tribunals to compel them to exercise their functions, it may never require them to decide in a particular manner. Klostermann, supra, at 540. Stated another way, "where a subordinate body is vested with power to determine a question of fact, the duty is judicial, and though it can be compelled by mandamus to determine the fact, it cannot be directed to decide in a particular way, however, clearly it be made to appear what the decision ought to be." Id. As such, this Court cannot direct the County Agency to provide open-ended and undetermined reimbursement to Petitioners for past and on-going expenses for their children.

Moreover, the law is well-settled that upon a finding that a Decision After Fair Hearing must be annulled because it is arbitrary and capricious or otherwise unlawful, Petitioners' remedy is vacatur and remand back to the administrative agency for further review. Matter of Skorin-Kapov v. State Univ. Of N.Y. at Stony Brook, 281 A.D.2d 632, 722 N.Y.S.2d 576 (2d Dept. 2001). While the court is empowered to determine whether the administrative body acted arbitrarily, it may not usurp the administrative function by directing the agency to proceed in a specific manner, which is within the jurisdiction and discretion of the administrative body in the first instance. Burke's Auto Body v. Ameruso, 113 A.D.2d 198, 200, 495 N.Y.S.2d 393 (1st Dept. 1985). Since this Court is unable to issue relief in the form of the requested mandamus, and Petitioners do not assert that the Corrected Decision which found that the Agency had incorrectly denied reimbursement for various expenses, was itself arbitrary

---

[4] As Respondents correctly points out, Medicaid law provides for direct reimbursement to Medicaid eligible individuals or their representatives during certain time periods and with certain qualifications. 18 NYCRR 360-7.5(a) and OHIP directive 10 HIP/ADM-9.

or capricious, it is clear that the Petition must be dismissed for failure to state a cause of action. Since the Court has dismissed the Petition for failure to exhaust administrative remedies and failure to state a cause of action, the Court need not address the issue of the violation of the Statute of Limitations.

Accordingly, for the foregoing reasons, it is hereby

**ORDERED** that the Respondents Motions to Dismiss the Article 78 petition are hereby GRANTED; and it is further

**ORDERED** that Petitioners' Article 78 Petition is hereby dismissed.

This constitutes the Decision and Order of the Court.

Dated: New City, New York
       November 27, 2017

_____
Hon. Sherri L. Eisenpress
Acting Justice of the Supreme Court