# EXHIBIT E

OAH-4482/30B (Rev. 6/10)

| | |
|---|---|
| From: **New York State Office of Temporary and Disability Assistance**<br>　　　**P.O. Box 1930**<br>　　　**Albany, NY 12201 - 1930** | **TRANSMITTAL OF FAIR HEARING DECISION**<br>**TO SOCIAL SERVICES AGENCY** |

---

Fair Hearing #: **6223734H**　　　　　　　　　　　Primary Agency: **ROCKLAND**
Hearing Date:　**06/09/14**　　　　　　　　　　　　　　Appellant: **J▊▊▊▊ M▊▊▊**
Decision Date: **11/13/14**　　　　　　　　　　　　　　**624 SIERRA VISTA LN C/O T OSTLER**
Case #:　　　　**M0060692**　　　　　　　　　　　　　**VALLEY COTTAGE, NY 10989**
Category/Subcategory: **MA**　　　　　　　　Representative: **TASHA OSTLER**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**624 SIERRA VISTA LANE**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**VALLEY COTTAGE, NY 10989**
　　　　　　　　　　　　　　　　　　　　　　　Other Agencies:

---

```
*************************************
*                                   *
* ENCLOSED IS THE DECISION RENDERED *
*     IN THE ABOVE FAIR HEARING     *
*                                   *
*************************************
```

　　　If this decision reverses or does not affirm the action intended to be taken by your Agency and directs your Agency to take certain other action, you must do so and so notify the Appellant forthwith (as quickly as possible). The Appellant has been advised to contact the state's Compliance Unit if compliance is not effected within ten (10) days after receipt of this decision.

　　　In accordance with the provisions of Title 18 NYCRR, if this decision indicates that the social services official has misapplied provisions of the law, State regulation, or such official's own state-approved policy, the social services official is required to review other cases with similar facts for conformity with the principles and findings in the decision.

　　　If you have questions about directions contained in this decision, please contact:

　　　　　　　　　　　New York State Office of Temporary and Disability Assistance
　　　　　　　　　　　Office of Administrative Hearings
　　　　　　　　　　　Compliance Unit
　　　　　　　　　　　P. O. Box 1930
　　　　　　　　　　　Albany NY 12201 - 1930

The following agencies have been notified of the issuance of this fair hearing decision:

ROCKLAND CO DEPT OF SOCIAL SERVICES,
ROCKLAND CO DEPT OF SOCIAL SERVICES,SUSAN SHERWOOD, COMMISSIONER
ROCKLAND CO DEPT OF SOCIAL SERVICES,

| | |
|---|---|
| STATE OF NEW YORK<br>DEPARTMENT OF HEALTH | REQUEST: 10/26/12<br>CASE #: M0060692<br>AGENCY: Rockland<br>FH #: 6223734H<br>         6430171H |

_____

In the Matter of the Appeal of      :

J█████ M█████                        :     DECISION
Tasha Ostler                         :     AFTER
                                     :     FAIR
                                           HEARING
from determinations by the Rockland County Department of    :
Social Services and the NYS Office of Health Insurance Programs
                                     :
_____

# JURISDICTION

Pursuant to Section 22 of the New York State Social Services Law (hereinafter Social Services Law) and Part 358 of Title 18 NYCRR, (hereinafter Regulations), a fair hearing record was held on August 6, 2013, February 19, 2014 and record closed on June 9, 2014, in Rockland County, before Sarah Mariani, Administrative Law Judge. The following persons appeared at the hearing:

For the Appellant (Minor)

Scott Maione, Father
Tasha Ostler, Mother
Lewis Maione, Grandfather

For the Rockland Social Services Agency

Lynne Davidson, Fair Hearing Representative;
Adrienne Alcaro, MA Coordinator
Nancy Murphy, MA Unit
Jeanine Dalisera, MA Unit


For the NYS Office of Health Insurance Programs (OHIP)
    Waiver Packets submitted

Case 7:18-cv-07452-KMK Document 169-5 Filed 06/04/21 Page 4 of 18
Case 7:18-cv-07452-KMK Document 45-2 Filed 01/18/19 Page 3 of 17

2

FH#s 6223734H & 6430171H

**ISSUE**

Was the determination to deny reimbursement for the Appellant's request for medical reimbursement correct?

**FINDINGS OF FACT**

An opportunity to be heard having been afforded to all interested parties and evidence having been taken and due deliberation having been had, it is hereby found that:

1. The Appellant was born on January 23, 2011 with numerous medical complications requiring intensive hospital care residency for approximately one month and ongoing medical bills to date.

2. The Appellant's diagnosis included a large heart PDA, enlarging arachnoid brain cyst, GERD, jaundice, digestive complications related to immune/allergy complications.

3. The Appellant was issued a Social Security card on or about February, 2011 to the address of 624 Sierra Vista Lane, Valley Cottage, New York, 10989.

4. On April 27, 2011, the Appellant applied for Supplemental Security Income ("SSI").

5. On October 17, 2011, the Rockland County Agency issued a "Dear SSI Beneficiary" letter to the Appellant indicating the Appellant was deemed eligible for SSI and therefore eligible for Medicaid. The Appellant was also issued a Medicaid card. Both the letter and Medicaid card were mailed to the wrong address.

6. The Rockland County Agency did not submit evidence clearly and convincingly establishing the Appellant was advised of his rights and responsibilities pursuant to LDSS 4148B "What You Should Know About Your Social Service Programs: Questions and Answers"

7. On or about October 20, 2011, the Rockland County Agency completed a Claims Transmittal form for the Appellant and authorized payment for some but not all of the Appellant's requests. No notice was produced reflecting the Appellant was advised of the determination regarding the adequacy of this reimbursement or the Appellant's right to a fair hearing.

8. From December, 2011, the Appellant received primary coverage through Empire.

9. By Notice dated September 4, 2012, the Rockland County Agency accepted the Appellant's Medical Assistance application dated May 1, 2011 and authorized Medical Assistance effective April 1, 2011.

Case 7:18-cv-07452-KMK   Document 169-5   Filed 06/04/21   Page 5 of 18
Case 7:18-cv-07452-KMK   Document 45-2   Filed 01/18/19   Page 4 of 17

3
FH#s 6223734H & 6430171H

10. By Notice dated September 7, 2012, the Rockland County Agency authorized reimbursement for $76.12 but denied coverage for $12, 621.62 based on specified services not covered by Medicaid.

11. On October 26, 2012, the Appellant requested this fair hearing.

12. By Notice dated July 31, 2013, the Rockland County Agency issued a notice to the Appellant denying reimbursement for medical bills based on the items not covered through the Medicaid.

13. In July, 2013, the Appellant requested another fair hearing to cover prior and current denials regarding reimbursement requests.

14. On October 4, 2013, the NYS Office of Health Insurance Programs (OHIP) submitted waiver packets in lieu of personal appearance in preparation for this fair hearing. OHIP asserted the Appellant requested reimbursement for $225.00 for family psychotherapy services from December 21, 2011 through March 7, 2012, for which $196.53 (pursuant to the Medicaid rate) was reimbursed.

15. On October 7, 2013, OHIP submitted waiver packets in lieu of personal appearance in preparation for this fair hearing. OHIP asserted the Appellant requested reimbursement for $9686.40 for which $104.64 in medical expenses was reimbursed. OHIP acknowledged receipts were submitted on September 26, 2013 for a hospital breast pump rental in the amount of $613.00. OHIP disallowed $220.00 based on the costs being incurred prior to April 1, 2011. The remaining $393.00 of eligible expenses was reimbursed for $348.00.

16. On December 9, 2013, OHIP submitted another waiver packet in lieu of personal appearance in preparation for this hearing. The December 9, 2013 packet summarized OHIP's determination on October 4, 2013 as Claim #1 and on October 7 2013 as Claim #2 and included a summary of the determination for Claim #3. For claims during the period April 1, 2011 through October 1, 2012, OHIP asserted the Appellant requested reimbursement for $1119.37 and OHIP paid the Appellant $104.54.

17. On December 13, 2013, OHIP submitted another waiver packet in lieu of personal appearance in preparation for this hearing. The December 13, 2013 document asserted OHIP had not received the requisite OHIP-Claim Transmittal Form completed by the Appellant, nor did OHIP have the Appellant's Medicaid Client ID number and therefore OHIP had not completed a review of the Appellant's receipts.

18. On fair hearing date December 16, 2013, the waiver packets previously submitted by OHIP were considered deficient. The Rockland County Agency did not provide sufficient evidence to show the Appellant was notified in writing regarding the basis for OHIP's waiver packet determinations dated October 4, 2013, October 7, 2013, December 9, 2013 and

Case 7:18-cv-07452-KMK Document 169-5 Filed 06/04/21 Page 6 of 18
Case 7:18-cv-07452-KMK Document 45-2 Filed 01/18/19 Page 5 of 17

4
FH#s 6223734H & 6430171H

December 13, 2013. In addition, the OHIP waiver packets did not include supporting documentation and were inconsistent with Rockland County Agency determinations.

19. On December 16, 2013, the Appellant submitted their case and multiple documents to support their position ("Appellant Exhibit #1 with supporting exhibits listed as Schedules A-H). The case was adjourned for OHIP to submit additional evidence and respond to the Appellant's submitted records.

20. On January 14, 2014, OHIP submitted a written brief to supplement previous fair hearing packets ("McCloskey Memorandum Exhibit 2"). The Appellant was given time to respond.

21. The Appellant responded on or about January 28, 2014. (Appellant's Exhibit #2)

22. After a review of the record, OHIP, the Rockland County Agency and the Appellant were advised on March 3, 2014 to submit additional documents and or testimony to complete the fair hearing record.

23. OHIP responded on March 3, 2014 ("McCloskey Memo Exhibit #3 dated March 3, 2014) and the Rockland County Agency's response was dated March 11, 2013 ("Alcaro Email Agency Exhibit #4 dated March 11, 2014).

24. The Appellant responded on or before March 28, 2014 (Appellant's Exhibit #3 including attachments listed as Exhibit A through J).

25. On June 9, 2014, the case was scheduled for additional testimony but all parties had previously agreed to rely on the evidence previously submitted.

26. This Decision is issued for both FH#6223734H and FH 6430171H.

## APPLICABLE LAW

Department Regulations at 18 NYCRR 360-7.5(a) set forth how the Medical Assistance Program will pay for medical care. Generally the Program will pay for covered services which are necessary in amount, duration and scope to providers who are enrolled in the Medical Assistance program, at the Medical Assistance rate or fee which is in effect at the time the services were provided.

In instances where an erroneous eligibility determination is reversed by a social services district discovering an error, a fair hearing decision or a court order or where the district did not determine eligibility within required time periods, and where the erroneous determination or delay caused the recipient or his/her representative to pay for medically necessary services which would otherwise have been paid for by the Medical Assistance Program, payment may be made directly to the recipient or the recipient's representative. Such payments are not limited to the Medical Assistance rate or fee but may be made to reimburse the recipient or his/her

Case 7:18-cv-07452-KMK   Document 169-5   Filed 06/04/21   Page 7 of 18
Case 7:18-cv-07452-KMK   Document 45-2   Filed 01/18/19   Page 7 of 17

5

FH#s 6223734H & 6430171H

representative for reasonable out-of-pocket expenditures. The provider need not have been enrolled in the Medical Assistance program as long as such provider is legally qualified to provide the services and has not been excluded or otherwise sanctioned from the Medical Assistance Program. An out-of-pocket expenditure will be considered reasonable if it does not exceed 110 percent of the Medical Assistance payment rate for the service. If an out-of-pocket expenditure exceeds 110 percent, the social services district will determine whether the expenditure is reasonable. In making this determination, the district may consider the prevailing private pay rate in the community at the time services were rendered, and any special circumstances demonstrated by the recipient. 18 NYCRR 360-7.5(a).

An initial authorization for Medical Assistance will be made effective back to the first day of the first month for which eligibility is established. A retroactive authorization may be issued for medical expenses incurred during the three month period preceding the month of application for Medical Assistance, if the applicant was eligible for Medical Assistance in the month such care or services were received. 18 NYCRR 360-2.4(c).

Payment may be made to a recipient or the recipient's representative for reimbursement of paid medical bills for services received during the recipient's retroactive eligibility period, provided that the recipient was eligible in the month in which the services were received. For services received during the period beginning on the first day of the third month prior to the month of the Medical Assistance application and ending on the date the recipient applied for Medical Assistance payment can be made without regard to whether the provider of services was enrolled in the Medical Assistance program. However, if the services were furnished by a provider who was not enrolled, the provider must have been otherwise lawfully qualified to provide such services, and must not have been excluded or otherwise sanctioned from the Medical Assistance Program. If services were provided when the recipient was temporarily absent from the State, payment will be made if: Medical Assistance recipients customarily use medical facilities in the other state; or the services were obtained to treat an emergency medical condition resulting from an accident or sudden illness. 18 NYCRR 360-7.5(a).

For services received during the period beginning after the date the recipient applied for Medical Assistance and ending on the date the recipient received his or her Medical Assistance identification card, payment may be made only if the services were furnished by a provider enrolled in the Medical Assistance program. 18 NYCRR 360-7.5(a).

Reimbursement is limited to the Medicaid rate or fee in effect at the time the services were provided. 18 NYCRR 360-7.5(a).

GIS message 02 MA/ 019 clarified the Department's policy regarding the payment or partial payment of cost-effective health insurance premiums. If a medically needy recipient pays health insurance premiums from income and such payment, together with other applicable income disregards, reduces the individual's net available monthly income below the appropriate income eligibility standard, the local social services district must pay or reimburse the recipient for the health insurance premium if the premium is determined to be cost effective. The payment/reimbursement of the health insurance premium cannot exceed the difference between

Case 7:18-cv-07452-KMK   Document 169-5   Filed 06/04/21   Page 8 of 18
Case 7:18-cv-07452-KMK   Document 45-2   Filed 01/18/19   Page 7 of 17

6

FH#s 6223734H & 6430171H

the individual's net available income and the appropriate income eligibility standard. For example, if an individual's net monthly income after deduction of a $200.00 health insurance premium and other applicable disregards is $150.00 below the appropriate income eligibility standard, the local district would reimburse the individual $150.00 for the health insurance premium if the premium is determined to be cost effective.

The purpose of GIS message GIS 06 MA/026 is to provide local departments of social services (LDSS) with clarification on the reimbursement of cost-effective health insurance premiums. Payment of health insurance premiums is allowed as a deduction from income for all categories, with the exception of single individual and childless couples. As specified in GIS02 MA/019, if a recipient pays health insurance premiums from income and such payment together with other applicable income disregards reduces the individual's net available monthly income below the appropriate income eligibility standard, the local social services district must pay or reimburse the recipient for the cost effective health insurance premium. The payment/reimbursement of the health insurance premium cannot exceed the difference between the individual's net income and the appropriate income eligibility standard. It has become evident that the term "appropriate income eligibility standard" must be clarified. WMS/CNS Coordinator letter dated October 5, 2006 introduces new client notices for use in instances when you have accepted, denied, or discontinued the payment of cost effective health insurance premiums. A request for a fair hearing may be made in instances where payment of a health insurance premium is being denied. A request for a fair hearing with aid continuing may be made when payment of a health insurance premium is being discontinued.

The Medicaid Reference Guide beginning at page 427 advises that an applicant or recipient whose employer or union provides group health insurance at no cost to the applicant or recipient, must apply for and use such benefits as a condition of eligibility for Medicaid. When the employer or union provides group health insurance benefits, at a cost to the applicant or recipient, the local district determines if enrollment is cost effective. In most districts, this determination is done by the Third Party Resources Unit (See 87 ADM-40). If enrollment is cost effective, the applicant or recipient may be required to enroll. When more than one insurance plan is available, the district determines which plan is the most cost effective, before requiring the applicant or recipient to enroll. The applicant or recipient's contribution is an allowable deduction from income for all categories except S/CC. When the applicant or recipient is employed, and is required by the local district to enroll in an available non- contributory health insurance plan, s/he is allowed 30 days to join the plan. The applicant or recipient must also utilize benefits available to his/her spouse and/or child under such insurance plan. An applicant or recipient who fails to comply with the requirement to enroll in an available health insurance plan may be denied Medicaid. Only the employed applicant or recipient may be denied. After proof of enrollment is received, OHIP-0052, "Notice of Decision to Pay Third Party Health Insurance Premiums", shall be used to advise the recipient of eligibility for the Medicaid premium payment or reimbursement.

When an applicant or recipient has private health insurance coverage in force at the time of application, the local district determines if continuation of the coverage is cost effective. The local district offers to pay health insurance premiums on behalf of all Medicaid

Case 7:18-cv-07452-KMK Document 169-5 Filed 06/04/21 Page 9 of 18
Case 7:18-cv-07452-KMK Document 45-2 Filed 01/18/19 Page 8 of 17

7

FH#s 6223734H & 6430171H

applicant or recipients whenever the health insurance is determined to be cost effective and the applicant or recipient's net income and resources are at or below the allowable income/resource levels. Premium Payments are only paid for prospective months as it is generally not cost effective to pay premiums in a retro period. The exception to this may be in the instance where an applicant or recipient is at risk for losing the cost-effective insurance if the past premiums are not paid. Cost effectiveness is determined by comparing the cost of the premiums to the Medicaid costs for the eligible Medicaid family member(s). If the group policy is cost effective, then the local district pays for the entire premium, even if the policy covers non-Medicaid eligible family members. If the group policy is not cost effective, the health insurance premium may be prorated to include the payment of the premium that covers the eligible recipient.

The purpose of General Information System (GIS) message GIS 13 MA/ 012 is to advise local departments of social services (LDSS) of policy changes regarding the cost benefit determination to be used in considering whether to pay Third Party Health Insurance (TPHI) premiums on behalf of a Medicaid applicant/recipient. This policy change is effective May 1, 2013. For Medicaid eligible individuals with available health insurance, payment of TPHI premiums allows the Medicaid program to cost avoid claims that would otherwise be covered by Medicaid. In 87 ADM-40, "Third Party Resources (TPR) Detection and Utilization," Attachment II, districts were instructed to consider utilization of medical services when determining the cost effectiveness of paying health insurance premiums for an A/R. With increased enrollments in managed care and a decrease in excluded and exempted populations, it is no longer appropriate to use age, level of utilization and medical condition as criteria in determining whether to pay for an applicant or recipient's TPHI premiums. In addition, the Health Insurance Cost Effective Determination (HICED) calculator is outdated and should no longer be used to determine cost effectiveness.

Effective May 1, 2013, when calculating the cost effectiveness of a TPHI policy for a Medicaid applicant or recipient, districts should use the HIPP calculator in eMedNY or the regional Medicaid managed care capitation rate as a comparison to the cost of the premiums of the commercial policy. The Medicaid managed care capitation payment rate used for the calculation must reflect the appropriate district and demographic group for the individual or individuals covered by the policy.

For eligible individuals in receipt of Supplemental Security Income (SSI) or who are SSI-related, and not receiving Medicare, the appropriate SSI capitation payment rate is to be used in the cost effectiveness determination. For Medicaid eligible individuals in New York City who may enroll in a Special Needs Plan (HIV SNP), the HIV SNP capitation payment rate is to be used when determining cost effectiveness.

Department regulation 360-2.4(a) requires the social services district to determine eligibility within 45 days of the date of the application for adults and within 30 days of the date of the application when it includes pregnant women or children under the age of 19. The date of application is the date a signed completed application is received by the district. For applications submitted by facilitated enrollment entities, the date of application is the date the

8

FH#s 6223734H & 6430171H

application was signed by the applicant. When the district cannot make a determination within the required number of days because the applicant has delayed taking, or has not taken a required action as described in 18 NYCRR 360-2.4(b)(1), the district has a reasonable period of time from receipt of all required documentation to make an eligibility determination. However, such determination should be completed as close to the 30-45 day timeframe as possible. GIS 02 MA-033

The United States Code at 42 U.S.C. §§ 1396a(a)10(A), 1396d(a)(4)(B) requires that each state Medicaid plan provide Early and Periodic Screening, Diagnostic and Treatment services (hereinafter EPSDT): "early and periodic screening, diagnostic, and treatment services (as defined in subsection (r) of this section) for individuals who are eligible under the plan and are under the age of twenty-one;". Subsection (r) further defines EPSDT services as, among other things, "[s]uch other necessary health care, diagnostic services, treatment, and other measures described in [§ 1396d(a)] to correct or ameliorate defects and physical and mental illnesses and conditions discovered by the screening services, whether or not such services are covered under the State plan." 42 U.S.C. § 1396d(r)(5).

42 CFR 441Subpart B implements sections 1902(a)(43) and 1905(a)(4)(B) of the Social Security Act, by prescribing State plan requirements for providing early and periodic screening and diagnosis of eligible Medicaid recipients under age 21 to ascertain physical and mental defects, and providing treatment to correct or ameliorate defects and chronic conditions found.

42 CFR 441.57 provides that under the EPSDT program, the agency may provide for any other medical or remedial care specified in part 440 of this subchapter, even if the agency does not otherwise provide for these services to other recipients or provides for them in a lesser amount, duration or scope.

13 GIS MA-015 states: At a fair hearing to review a LDSS denial of a Medicaid application, the Medicaid applicant has the burden of proving that the LDSS's denial was incorrect. When the applicant prevails, the fair hearing decision will reverse the LDSS's denial. The LDSS cannot deny the application based on the reason that was set forth in the agency's denial that was reversed.

When a fair hearing reverses a LDSS denial of a Medicaid application and no remaining eligibility factors need to be considered, the LDSS must find the applicant eligible for Medicaid. The LDSS must find the applicant eligible for Medicaid even if the LDSS requests that the New York State Office of Temporary and Disability Assistance review the fair hearing decision to correct an error of law or fact. The original fair hearing decision is binding and must be complied with pending the review.

When a fair hearing decision reverses a LDSS denial of a Medicaid application and one or more remaining eligibility factors need to be considered, the LDSS must continue to process the application and issue a decision as soon as possible. In such cases, the applicant's original application date must be preserved

Case 7:18-cv-07452-KMK Document 169-5 Filed 06/04/21 Page 11 of 18
Case 7:18-cv-07452-KMK Document 45-2 Filed 01/18/19 Page 10 of 17

9

FH#s 6223734H & 6430171H

## DISCUSSION

The determination to deny reimbursement for the Appellant's request for medical reimbursement was not correct and is reversed.

The Appellant was born on January 23, 2011 and resided in the hospital's intensive care unit for approximately one month. The Appellant's diagnosis included a large heart PDA, enlarging arachnoid brain cyst, GERD, jaundice, digestive complications related to immune/allergy complications. The Appellant's case record corroborates the Appellant's medical diagnosis in support of the Appellant's assertion all items requested are medically necessary. (See Appellant's Exhibit #1 Schedules A, A-1, B, B-1) See also Appellant's Exhibit #2 Letter from Mount Kisco Medical Group dated March 28, 2014).

On April 27, 2011, the Appellant applied for Supplemental Security Income ("SSI"). The Appellant applied using the address of 624 Sierra Vista Lane, Valley Cottage, New York, 10989. On October 17, 2011, the Rockland County Agency issued a "Dear SSI Beneficiary" letter to the Appellant indicating the Appellant was deemed eligible for SSI and therefore eligible for Medicaid. The Appellant was also issued a Medicaid card. Both the "Dear SSI Beneficiary" letter and Medicaid card were mailed to the wrong address. The Appellant acknowledged receiving the "Dear SSI Beneficiary" letter sometime in late November, 2011 to early December, 2011. The Appellant also established he was not adequately informed of the rights and responsibilities associated with being a Medicaid recipient and Early Periodic Screening and Diagnostic Testing (EPSDT)

The Rockland County Agency established the Appellant's eligibility for Medicaid reimbursement pending an SSI determination based on two time periods: pre-application and post-application. The pre-application period is considered the retroactive eligibility period and the Appellant was deemed Medicaid eligible from February 1, 2011 through October, 20, 2011 (See Rockland County Agency's Exhibit #1, Rockland County Agency notice dated September 7, 2012). During the retroactive eligibility period, the Rockland County Agency originally denied a majority of the Appellant's requests for reimbursement on the premise the reimbursements requested were not covered in the Medicaid program. During the fair hearing process, the Rockland Agency changed their position and authorized some but not all of the Appellant's request for reimbursement. The partial reimbursement determinations are discussed below.

FH#s 6223734H & 6430171H

### Lack of Adequate Notice and Failure to Act

The Appellant's parents are seeking reimbursement based on three submissions for reimbursement previously submitted to the Agency. The Appellant's case record shows three submissions for reimbursement each totaling the following: First Submission: $13, 559.02; Second Submission: $18,434.22 and Third Submission: $522.74. ( See Appellant's Exhibit #1 Exhibits H 1-5)

The Rockland County Agency made determinations on September 7, 2012 and July 31, 2013 and issued two notices itemizing which items would be reimbursed and which would not ( See Rockland County Agency's Exhibit #1 pages 323 and 357 and Appellant's Exhibit #1 Schedule H 1-4). During the fair hearing the OHIP submitted waiver packets dated October 4, 2013, October 7, 2013 and December 9, 2013 and December 13, 2013 ( Exhibit #1). The waiver packets did not fully explain the Rockland County Agency or OHIP determination regarding the Appellant's three reimbursement claims. OHIP then supplemented the case record with two memos from their Associate Attorney (See McCloskey Memorandum Exhibit #2 dated January 13, 2014 and McCloskey Memo Exhibit #3 dated March 3, 2014).

OHIP ' s fair hearing waiver packets and supplementary memos clearly and convincingly establish the Appellant has not received adequate and timely determinations and notices regarding three claims that were submitted totaling $32, 515.98. To date, the only two notices sent by the Rockland County Agency show an authorization of $76.21 and a denial for $12,621.82 with no written determinations served on the Appellant for the remaining $19,817.95. OHIP's fair hearing summary dated December 9, 2013 (Exhibit #1) asserts three claims were processed and OHIP authorized the following: Claim #1 was processed on July 29, 2013, where the Appellant paid $ 225.00 for family psychotherapy from December 21, 2011 through March 7, 2012 and OHIP authorized the Medicaid reimbursement rate totaling $196.53; Claim #2 was processed on October 29, 2013, where the Appellant paid $613.00 for a hospital breast pump rental from April 1, 2011 through December 21, 2011 and OHIP authorized the Medicaid reimbursement rate totaling $348.00; Claim #3 was processed on August 23, 2013, where the Appellant paid $119.37 for physician co-pays, prescription drugs and a breast pump rental from March 1, 2011 through March 26, 2013and OHIP authorized the Medicaid reimbursement rate totaling $104.54.

The OHIP waiver packets denied physician co-pays asserting Medicaid does not cover the same and denied some of the prescription drug reimbursements based in missing NDC codes. None of the OHIP's waiver packet determinations are supported with notices served on the Appellant. The Rockland County Agency's notices are not supported by the record or consistent with these conclusions by OHIP.

On December 13, 2013, OHIP submitted a waiver letter in lieu of personal appearance and in preparation for the Appellant's December 16, 2013 fair hearing. It was asserted the Appellant had not submitted the requisite OHIP-0031 form or Medicaid Client ID number and therefore OHIP had not completed a review of the Appellant's request for reimbursement.

Case 7:18-cv-07452-KMK Document 169-5 Filed 06/04/21 Page 13 of 18
Case 7:18-cv-07452-KMK Document 45-2 Filed 02/18/19 Page 12 of 17

11

FH#s 6223734H & 6430171H

Based on subsequent documents submitted by the Rockland County Agency, OHIP and the Appellant during the fair hearing process, the evidence establishes the Appellant made an ongoing effort to obtain information and determinations from the local Rockland County level and State OHIP level, since 2011. The evidence clearly establishes a failure to fully act on the Appellant's request for reimbursement pending three years prior.

Nevertheless, based on the evidence submitted, the Commissioner has jurisdiction to review the direct reimbursement determinations based on 1) the retroactive eligibility from February 1, 2011 through October 20, 2011 (the date of the Dear SSI Beneficiary letter); 2) items not covered after the October 20, 2011; 3) items not covered through the Medicaid program even if medically necessary and 3) Agency error and or delay as defined by the pertinent regulations.

### The retroactive eligibility from February 1, 2011 through October 20, 2011

In the Rockland County Agency's September 7, 2012 determination, the Agency authorizes reimbursement for certain bills from February 1, 2011 through October 31, 2011 based on verified receipts. During the fair hearing process, OHIP acknowledged the Appellant is entitled to direct reimbursement up to the Medicaid rate for documented, paid bills, related to medically necessary covered care and services obtained by a lawfully qualified provider from January 23 2011 up until the Appellant received the "Dear SSI Beneficiary"( October, 2011) letter regardless of whether the providers were enrolled in Medicaid at the time ( See McCloskey Memorandum Exhibit 2, page 7, item 25.).

The Rockland County Agency's September 7, 2012 notice authorizes a reimbursement for $76.21 and a denial for $12,621.82. The subsequent OHIP waiver packet indicated vitamins, iron drops, Pediacare and ibuprofen from 2/1/11 through 10/31/11 would be reimbursed. (See McCloskey Memorandum Exhibit 2, page 11, item 34). The Appellant's three reimbursement requests each have vitamins and medications listed all totaling more than $76.21. The record does not clearly and convincingly establish the Appellant has been fully reimbursed for items the OHIP authorized reimbursement.

During the hearing the OHIP acknowledged the Appellant is entitled to direct reimbursement for the following from January 23, 2011 through October 20, 2011: family psychotherapy, breast pump rental, Similac, Alimentum infant formula, Miralax powder, Lotromin, Tri-Vi-Sol, Fer-in-Sol, oral and rectal thermometers, a nasal aspirator, and vaporizer/humidifier. The Rockland County Agency and OHIP have not clearly and convincingly established adequate reimbursement for the Appellant's reimbursement Submissions #1-3. OHIP determined the Appellant is entitled to reimbursement for a car seat if the Appellant submits medical documentation of postural or orthopedic limitations. During the hearing the Rockland County Agency determined the Appellant had not medically corroborated eligibility for a car seat reimbursement based on GERD but did not address the Appellant's other medically documented diagnosis. (See McCloskey Memorandum Exhibit 2, page 9-11, items 29, 33, 34, 35 and 36). The Rockland County Agency's determination must address the

Case 7:18-cv-07452-KMK Document 169-5 Filed 06/04/21 Page 14 of 18
Case 7:18-cv-07452-KMK Document 45-2 Filed 01/18/19 Page 13 of 17

12

FH#s 6223734H & 6430171H

Appellant's medical documentation submitted in Appellant's Exhibit #1, Schedule A, A-1, B and B-1 and afford the Appellant an EPSDT eligibility determination (see below).

During the fair hearing, OHIP acknowledged the Appellant may be eligible for direct reimbursement for third party health insurance co-payments (up to the Medicaid rate) paid during the retroactive eligibility period provided the services are medically necessary, included in the Medicaid program and the Appellant was eligible at the time. ((See McCloskey Memorandum Exhibit 2, page 11-12, item 37) (See McCloskey Memo dated 3/3/14 Exhibit #3 page 3 Item 7). The Rockland County Agency's notices dated September 7, 2012 and July 13, 2013 sections denying medical reimbursement for co-pays is therefore without support based on OHIP's affidavit. The Rockland County Agency must reimburse the Appellant (up to the Medicaid rate) for all third party health insurance co-payments paid during the retroactive eligibility period provided the services are medically necessary and included in the Medicaid program.

The fair hearing record reflects the Rockland County Agency and OHIP determined the Appellant is not entitled to direct reimbursement for third party health insurance premiums paid during the retroactive eligibility period based on Medicaid Regulations authorizing coverage for covered *services* obtained during the period. OHIP asserted a health insurance premium is not itself a Medicaid covered service like physician services, a prescription drug or other items of medical care and services authorized in the Medicaid program. OHIP noted that once a recipient is Medicaid eligible, the Medicaid program could determine prospectively to pay the recipient's third party health insurance based on a cost effective determination.(See McCloskey Memo dated 3/3/14 Exhibit #3 page 4, Item 12, 13). On December 14, 2011, the Appellant applied for Family Health Plus Premium Assistance. On December 28, 2011, the Rockland County Agency authorized coverage for the Appellant's monthly health insurance premiums effective December 1, 2011. During the fair hearing process, it was contended that the Appellant prospectively receives third party health insurance premium coverage based on this December 28, 2011 Notice but precluded from direct reimbursement for third party health insurance premiums during the retroactive eligibility period based on the premiums not being a covered Medicaid service.

The Appellant's Reimbursement Claim # 2 seeks reimbursement for third party health insurance premiums totaling $7,583.67 based on premiums paid during the Appellant's retroactive eligibility period. (See Appellant's Exhibit #1 Schedule H-2, pgs 3).

Pursuant to GIS message 02 MA/ 019, if a medically needy recipient pays health insurance premiums from income and such payment, together with other applicable income disregards, reduces the individual's net available monthly income below the appropriate income eligibility standard, the local social services district must pay or reimburse the recipient for the health insurance premium if the premium is determined to be cost effective. The payment/reimbursement of the health insurance premium cannot exceed the difference between the individual's net available income and the appropriate income eligibility standard. While Regulations correctly assert premium payments are only paid for prospective months as it is generally not cost effective to pay premiums in a retro period, the MARG at page 428 specifies

Case 7:18-cv-07452-KMK Document 169-5 Filed 06/04/21 Page 15 of 18
Case 7:18-cv-07452-KMK Document 45-2 Filed 02/18/19 Page 14 of 17

13

FH#s 6223734H & 6430171H

an exception to this may be in the instance where an applicant or recipient is at risk for losing the cost-effective insurance if the past premiums are not paid.

The assertion the Appellant cannot receive direct reimbursement for third party health insurance premiums during his retroactive eligibility period contradicts the MARG at page 428 and GIS message 02 MA/ 019 and cannot be sustained.

**Items not covered through the Medicaid program even if medically necessary**

In the Rockland County Agency's determinations dated September 7, 2012 and July 31, 2013, any items that were not authorized to be reimbursed were denied as a "not a covered service item". OHIP further determined that even if medical necessity were established, the requested additional items would not be covered because "none of them are covered services/items". While Exhibit #2 and #3, submitted by OHIP 's Associate Counsel, subsequently reversed some of the Rockland County Agency's prior denials in September, 2012 and July, 2013, the premise for denying remaining items was principally based on Medicaid coverage not medical necessity.

The Appellant asserted EPSDT regulations mandated direct reimbursement their three reimbursement claims. There is no question the Appellant is eligible for EPSDT benefits. It was undisputed that the Appellant is in receipt of Medical Assistance and is under the age of 21 years. Nothing else is required for the Appellant to be eligible for EPSDT.

Pursuant to United States Code at 42 U.S.C. §§ 1396a(a)10(A), 1396d(a)(4)(B), the Agency is required to provide early and periodic screening, diagnostic, and treatment services (as defined in subsection (r) of this section) for individuals who are eligible for Medicaid and are under the age of twenty-one. The above cited Regulations further defines EPSDT services as "[s]uch other necessary health care, diagnostic services, treatment, and other measures described in [§ 1396d(a)] to correct or ameliorate defects and physical and mental illnesses and conditions discovered by the screening services, whether or not such services are covered under the State plan." 42 U.S.C. § 1396d(r)(5).

Based on EPSDT Regulations, the Appellant's requests for reimbursement must be evaluated based on Medicaid coverage regulations and medical necessity. The Appellant submitted multiple medical documents to the Rockland County Agency prior to the Agency's determinations to deny coverage. (See Appellant's Exhibit #1 Schedule A, A-1, B). None of the Agency's written determinations to the Appellant reflected the Appellant's medical documentation was considered.

Arguably, the Appellant was not eligible for EPSDT coverage until the Appellant was determined to be Medicaid eligible and therefore the costs incurred were prior to EPSDT screening. The Appellant, however, should not be precluded from possible EPSDT coverage once the Appellant is deemed Medicaid eligible during and after the retroactive eligibility period. The Appellant is entitled to a determination based on Medicaid and EPSDT guidelines and to date, there is no evidence this has occurred. Items submitted in the Appellant's three

Case 7:18-cv-07452-KMK   Document 169-5   Filed 06/04/21   Page 16 of 18
Case 7:18-cv-07452-KMK   Document 45-2   Filed 02/18/19   Page 15 of 17

14
FH#s 6223734H & 6430171H

claims cannot be denied coverage based on solely on Medicaid coverage guidelines. Without evidence the EPSDT guidelines were applied the Agency's denials cannot be upheld.

The Medical regulations governing EPSDT are at 18 NYCRR part 508. New York State's EPSDT is known as the Medical Assistance Child/ Teen health plan.

**Items not covered after October 20, 2011**

The Rockland County Agency asserted that after the issuance of the "Dear SSI Beneficiary" letter and receipt of the Appellant's client identification card, on or about October 20, 2011, the Appellant is not entitled to direct reimbursement based on a written requirement stipulated in the letter and card stating "Once your receive this letter, in order for Medicaid to reimburse you for paid medical bills, you must go to a Medicaid provider."

The evidence clearly and convincingly establishes the Appellant did not receive the Rockland County Agency's "Dear SSI Beneficiary" letter and Medicaid card until late November, 2011 based on the documents being mailed to the wrong address. During the fair hearing process, the Rockland County Agency established the Social Security Administration provided information to the Agency regarding date of SSI application, acceptance and certified disability status. Rockland County acknowledged they did not have a means to verify accuracy of recipients' address before the "Dear SSI Beneficiary" letter is mailed. Based on the evidence presented, the Appellant is entitled to an increased retroactive eligibility period from October 20, 2011 though the date of receipt of the " Dear SSI Beneficiary" letter and card, December 1, 2011. The Agency is required to evaluate the Appellant's request for direct reimbursement from February 1, 2011 through December 1, 2011.

During the hearing, the Appellant indicated that despite the Agency's position that their family therapist's costs would not be Medicaid eligible until the same therapist became an authorized Medicaid provider, the Agency provided reimbursement. The Appellant contends that there was Agency error by Rockland County . This error was established by this authorized family therapist coverage, even during the post application/acceptance period. The Appellant contends the issue for fair hearing review is the reimbursement rate. The Appellant contends the Appellant is entitled to direct reimbursement for reasonable out of pocket expenses based on Agency error as set forth at 18 NYCRR Section 360-7.5(a).

**Agency Error and Delay**

The record should reflect, the Rockland County Agency provided no written notice to the Appellant prior to or during this fair hearing acknowledging error. While the Appellant's case record cites numerous examples of verbal conversations (some directly transcribed from taped telephone conversations) supporting an Agency error claim, the errors primarily occurred during the reimbursement process, not the Medicaid eligibility determination process.

The Agency, both at the local and state level, was not responsible for determining the Appellant's Medicaid eligibility when the eligibility request was made through an SSI

15

FH#s 6223734H & 6430171H

application. The federal Social Security Administration, not Rockland County, was responsible for determining Medicaid eligibility. (See Exhibit #2, McCloskey Memorandum, page 16). The error that occurred during the Medicaid eligibility determination was sending the "Dear SSI Beneficiary" letter and Medicaid card to the wrong address. The Appellant acknowledged receiving the information, albeit, approximately one month late. The Commissioner has jurisdiction to grant relief to the Appellant by extending the retroactive eligibility period from October 20, 2011 to December 1, 2011.

The remaining errors, including but not limited to a failure to act, inadequate notice, determinations not supported by the facts or the law, occurred after the Appellant was determined to be Medicaid eligible, received the "Dear SSI Beneficiary" letter and Medicaid card and began his requests for reimbursements. The Appellant contends reimbursement rates should no longer be capped at the applicable Medicaid rate due to the Agency's errors. The Commissioner lacks jurisdiction to grant the remedy sought by the Appellant based on excessive delays in processing reimbursement requests. The Appellant's due process concerns are more appropriately addressed in an Article 78 proceeding.

The Rockland County Agency is reminded of its responsibility under GIS 13 MA/015 when complying with this Decision that that the original application date is preserved and that the Appellant is entitled to re-determination in accordance with the relevant authorities governing the Medical Assistance Program.

**DECISION AND ORDER**

The determination to deny the Appellant's request for medical assistance reimbursement was not correct. Based on OHIP and the Rockland County Agency's own concessions presented during the fair hearing and the Regulations, these determinations are reversed.

16

FH#s 6223734H & 6430171H

DATED:   Albany, New York
           11/13/2014

                                        NEW YORK STATE
                                        DEPARTMENT OF HEALTH

                                        By

                                        *[signature: Thelma Lee]*

                                        Commissioner's Designee