# Gasior Declaration
# Exhibit K

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
HON. PAUL I. MARX, J.S.C.
------------------------------------------------------------------X
TASHA OSTLER and SCOTT MAIONE (and on
behalf of their infant children),

                              Petitioners,

        -against-

NEW YORK STATE DEPARTMENT OF HEALTH
and DR. HOWARD ZUCKER, ON BEHALF OF
THE NEW YORK STATE DEPARTMENT OF
HEALTH,

                              Respondents.

For a Judgment Pursuant to Article 78 of the Civil
Practice Law and Rules
------------------------------------------------------------------X

To commence the statutory time period for appeals as of right (CPLR 5513[a]), you are advised to serve a copy of this order, with notice of entry, upon all parties.

DECISION AND ORDER

Index No: 1044/2019

Petition Return Date:
Dec. 18, 2019

RECEIVED
FEB 24 2020
OFFICE OF THE ATTORNEY GENERAL
WESTCHESTER REGIONAL OFFICE

       The following papers numbered 1 through 6 were read on Respondents' motion to dismiss this Article 78 proceeding challenging several Decisions After Fair Hearing issued by the New York State Department of Health (the "Decisions"):

    Notice of Petition ............................................................................................1
    Verified Petition/untabbed Exhibits A-OO; 2A-2S; 3A-3E; 4A-4E[1]............................2
    Notice of Motion to Dismiss/Affirmation of Terrance K. DeRosa, Esq./Exhibits 1-11..3-4
    Respondents' Memorandum of Law in Support of Motion to Dismiss..............................5
    Petitioners' Opposition to Respondents' Motion to Dismiss...............................................6

       Upon reading the foregoing papers it is ORDERED that Respondents' motion is disposed as follows:

---

[1] Petitioners' exhibits consist of 4 groups, each of which is bound together with a rubber band. Each exhibit within a grouping is separated by a cover sheet which identifies the number of the exhibit. The first group of Exhibits beginning with "A" through "Z" contains within it "A1" through "A8", "B1" through "B3", though not all letters have letter and number combinations. After exhibit "Z", Petitioners then use double letters "AA" through "OO". The exhibits are a varied assortment of documents, which include correspondence, hearing transcripts, Fair Hearing Decisions, invoices and briefs.

BACKGROUND

Petitioners Tasha Ostler and Scott Maione, Medicaid recipients, challenge seven Decisions of an Administrative Law Judge ("ALJ") of the NYS Department of Health denying them Medicaid reimbursement of various expenses that they incurred for third-party health insurance premiums, transportation expenses, prescription medication, co-pays, contact lenses, and other expenses incurred for their children.

Utilizing the fair hearing process provided to Medicaid recipients to review coverage determinations, Petitioners brought their reimbursement claims before an ALJ at several fair hearings and presented evidence in support of their claims. That process yielded seven Fair Hearing Decisions.

Petitioners commenced this Article 78 proceeding seeking an order overturning all seven Decisions as arbitrary and capricious and granting Petitioners reimbursement of the subject expenses.

DISCUSSION

Respondents moved to dismiss the Petition on the grounds that Petitioners' claims are barred by collateral estoppel and res judicata. Respondents also contend that the Petition fails to state a cause of action, because it seeks mandamus relief against the Department of Health for acts that are within the agency's discretion.

Respondents argue that Petitioners are seeking to relitigate matters that were decided against them in *Maione v NYS Office of Temp. & Disability Assistance*, 144 AD3d 916 [2nd Dept 2016]; *Maione v Medical Answering Services*, No. 17-cv-8106 (JMF), 2018 WL 4682018 (SDNY Sept. 28, 2018); and *Ostler & Maione v NYS Dept of Health*, Index No. 610/2017 (Sup Ct Rockland County 2017) (Eisenpress, AJSC).

Respondents assert that the Appellate Division determined in *Maione v NYS Office of Temp. & Disability Assistance* that Petitioners could not obtain reimbursement for Scott Maione's third-party health insurance premiums. Respondents contend that Petitioners again raised the identical claim in their challenge to Decision 6567056Z under review herein.

Respondents assert that the federal district court decided in *Maione v Medical Answering Services*, that Petitioners' due process rights under the federal and State constitutions had not been violated and that Petitioners had not been denied any substantive rights.

-2-

Respondents assert that Judge Eisenpress dismissed Petitioners' Article 78 proceeding in *Ostler & Maione v NYS Dept of Health* for failure to state a cause of action, because Petitioners sought "to compel Respondents to act in a specific manner, *i.e.* direct the agency to provide direct reimbursement to Petitioners for expenses incurred in the future, without a determination as to whether the requests are proper under the Medicaid law." *Ostler & Maione v NYS Dept of Health, supra* at *13.

Respondents contend that three courts have considered and denied the same claims for relief that are again alleged in the Petition presently before this Court.

*Third-Party Health Insurance Premiums – Fair Hearing 6567056Z*
   *Petitioner Scott Maione's Health Insurance Premiums*

Respondents contend that Petitioners' challenge to the ALJ's denial of reimbursement of Scott Maione's third-party health insurance premiums, which is the subject of Decision 6567056Z under review herein, has already been judicially reviewed and rejected. Respondents assert that the Appellate Division determined in *Maione v NYS Office of Temp. & Disability Assistance* that Petitioners could not obtain reimbursement for Scott Maione's third-party health insurance premiums, because the DOH correctly found that the insurance coverage provided under Scott Maione's individual policy was not "cost-effective" or "comprehensive". Respondents argue that the Appellate Division's determination bars Petitioners' challenge to Decision 6567056Z.

Petitioners argue that their current challenge to the agency's denial of reimbursement of third-party insurance premiums paid for Scott Maione and their daughter, M, is not barred by collateral estoppel or res judicata. First, Petitioners contend, the instant Petition raises a new claim regarding M's third-party insurance premium, which the agency failed to address. Second, Petitioners contend that the current Petition challenges a different reason for the agency's denial of Mr. Maione's claim for reimbursement of his premiums than the reason that was considered by the Appellate Division in *Maione v NYS Office of Temp. & Disability Assistance*. Petitioners contend that the Appellate Division only considered whether Mr. Maione's third party insurance was "cost-effective" or "comprehensive" and the instant Petition challenges the agency's denial on the ground that the insurance carrier was not a covered insurer.

Petitioners' claim for reimbursement of Scott Maione's third-party insurance premium is barred by res judicata. In Decision 6567056Z, the agency denied Mr. Maione's claim for reimbursement of his third-party insurance premiums on the ground that the insurance was neither cost effective nor comprehensive. That issue was litigated in Mr. Maione's prior Petition raising the same claim, which was reviewed by the Appellate Division in *Maione v NYS Office of Temp. & Disability Assistance* and rejected. Contrary to Petitioners' contention that the agency denied their claim on a new basis, the agency Decision under review does not identify Mr. Maione's insurance carrier by name or state whether the carrier qualified for coverage under Medicaid reimbursement. Petitioners have already litigated their claim regarding Mr. Maione's insurance premiums and obtained a decision on the merits. Accordingly, the doctrine of res judicata bars Petitioners from relitigating the same claim here.

*M's Claim for Reimbursement of Third-Party Insurance Premiums*

M's purported claim for reimbursement of the third-party premium for her health insurance is not barred by res judicata or collateral estoppel as M is covered under a different insurance policy than Mr. Maione, who has an individual policy. The Decision under review explicitly stated that reimbursement was provided to Petitioner Tara Ostler for the premiums for the family policy that covers M and the parties' other children. The Decision specifically addressed the issue of M's third-party insurance premium and stated that she obtained reimbursement, through her mother, Tasha Ostler, the policy holder. Accordingly, the claim involving M is subject to dismissal on the alternative ground raised by Respondents that it fails to state a cause of action.

*Petitioners' Other Claims for Reimbursement*

Respondents argue that Petitioners' other claims for reimbursement decided in the other Decisions under review, which include transportation expenses,[1] prescription medication,

---

[1] Petitioner brought another Article 78 Petition in this Court challenging the denial by the agency of similar transportation expenses, *Maione v Zucker*, 830/2019, which Respondents did not move to dismiss. Instead, Respondents requested that the Petition be transferred to the Appellate Division pursuant to CPLR §7804(g).

co-pays, contact lenses, and expenses incurred by J and M prior to receiving their Common Benefit Identification Card, are similarly barred by the prior court decisions. Respondents assert that Petitioners have brought the same claims that Judge Eisenpress dismissed in *Ostler & Maione v NYS Dept of Health* for failure to state a cause of action. Judge Eisenpress dismissed the claims because Petitioners sought "to compel Respondents to act in a specific manner, *i.e.* direct the agency to provide direct reimbursement to Petitioners for expenses incurred in the future, without a determination as to whether the requests are proper under the Medicaid law." *Ostler & Maione v NYS Dept of Health, supra* at *13. Respondents contend that Judge Furman also determined in *Maione v Medical Answering Services*, that Petitioners were seeking "to circumvent the existing reimbursement system" by bringing constitutional and federal statutory claims in federal court. Judge Furman held that the state agency's review process satisfied Petitioners' due process rights under the federal and State constitutions and that Petitioners would not be denied any substantive rights by resort to that process.

Petitioners, responding pro se,[2] contend that Respondents have misconstrued their Petition, as they are not seeking mandamus. Petitioners assert that they are seeking judicial review of the subject Decisions, which inexplicably denied them reimbursement for the same types of expenses they were previously granted reimbursement by the agency.[3] Petitioners' Opposition at ¶ 8. Petitioners contend that the prior judicial decisions do not bar their claims in this proceeding, because Judges Furman (SDNY) and Eisenpress merely determined that Petitioners should avail themselves of the state agency's fair hearing process rather than proceed with their claims in those courts. Petitioners assert that they have now complied with the judges' directives to proceed with their claims before the agency. Petitioners state that this proceeding is their first request for judicial review of the subject agency Decisions and there has been no prior judicial determination on the reimbursement claims at issue here.

---

[2]   Petitioners are now represented by Louis J. Maione, Esq., who filed a Notice of Appearance on January 15, 2020. Mr. Maione has not supplemented Petitioners' pro se submission.

[3]   Petitioners have attempted to use a prior favorable agency decision to their advantage, claiming it has res judicata and collateral estoppel effect because they are merely seeking reimbursement of the same types of expenses, albeit for different time periods. Petition at ¶¶ 131 *et seq.* Petitioners have also attempted to obtain a "directive relative to similar cases" to avoid repeated requests for reimbursement of the same expenses.

Both Judges Furman and Eisenpress determined that Petitioners were required to exhaust their administrative remedies and had not done so. Judge Eisenpress plainly stated in her Decision and Order that "the Court has dismissed the Petition for failure to exhaust administrative remedies and failure to state a cause of action ...", because Petitioners sought only mandamus relief and did "not assert that the [agency's] Decision ... was itself arbitrary or capricious ...". Exhibit 1 at p 15.

The instant Petition seeks a determination that the agency's Decisions denying reimbursement were arbitrary and capricious. This request for relief in their Notice of Petition and Petition was absent from the petition reviewed by Judge Eisenpress, which merely sought an order directing the agency to reimburse Petitioners for future expenses without the agency first determining whether they were Medicaid eligible. This Court may review the Decisions to determine whether they were arbitrary and capricious. If the Court finds that any of them were arbitrary and capricious, it may award appropriate relief in the form of vacatur and remand back to the agency for further review. *Matter of Skorin-Kapov v State Univ. of N.Y. at Stony Brook*, 281 AD2d 632 [2nd Dept 2001] (citing *New York Inst. of Tech. v State Div. of Human Rights*, 40 NY2d 316, 324 [1976]; *Matter of Aievoli v State Univ.*, 264 AD2d 476 [2nd Dept 1999]). Although Petitioners seek reimbursement as their ultimate relief, their request is not fatal to their Petition. Accordingly, Respondents' motion to dismiss the Petition is denied as to the other six Decisions.

SUMMARY

It is ORDERED that the portion of Respondents' motion to dismiss Petitioners' claim for review of Decision 6567056Z concerning third-party health insurance premiums is granted; and it is further

ORDERED that the portion of Respondents' motion to dismiss Petitioners' claims for review of the other six Decisions which address reimbursement of transportation expenses, prescription medication, co-pays, contact lenses, and expenses incurred by Petitioners' children is denied; and it is further

ORDERED that Respondents shall serve and file their Answer to the Petition and the Certified Record within 30 days of this Decision and Order. Petitioners shall serve their reply on or before April 7, 2020. The return date of the Petition is adjourned to April 8, 2020.

Dated: February 19, 2020       E N T E R,
New City, New York

                                       HON. PAUL I. MARX, J.S.C.

*Tasha Ostler, et al. v New York State Department of Health, et al.*, Index No. 1044/2019

To:     Louis J. Maione, Esq.
*Attorney for Petitioners*
303 E. 57th Street, 30th Floor
New York, NY 10022

        Terrance K. Derosa, Esq.
Assistant Attorney General
Attorney General of the State of New York
*Attorneys for Respondents*
44 South Broadway, 5th Floor
White Plains, NY 10601