# Gasior Declaration
# Exhibit L

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
HON. PAUL I. MARX, J.S.C.
-------------------------------------------------------------X
TASHA OSTLER and SCOTT MAIONE (and on
behalf of their infant children),

                              Petitioners,

      -against-

NEW YORK STATE DEPARTMENT OF HEALTH
and DR. HOWARD ZUCKER, ON BEHALF OF
THE NEW YORK STATE DEPARTMENT OF
HEALTH,

                              Respondents.

For a Judgment Pursuant to Article 78 of the Civil
Practice Law and Rules
-------------------------------------------------------------X

To commence the statutory time period for
appeals as of right (CPLR 5513[a]), you are
advised to serve a copy of this order, with
notice of entry, upon all parties.

Index Nos: 1044/2019
and 31834/2020

ORDER

Petition Return Date:
April 8, 2020

        The following papers numbered 1 through 5 were read on Petitioners' Article 78 Petition seeking review of several Decisions After Fair Hearing issued by the New York State Department of Health (the "Decisions"):

Notice of Petition ........................................................................................................... 1
Verified Petition/untabbed Exhibits[1] A-OO; 2A-2S; 3A-3E; 4A-4E .......................... 2
Verified Answer/Return – Volumes 1-32 ................................................................. 3-4
Petitioners' Verified Reply[2] (NYSCEF Doc ## 4 and 5)[3] ......................................... 5

---

[1]     Petitioners' exhibits consist of 4 groups, each of which is bound together with a rubber band. Each exhibit within a grouping is separated by a cover sheet which identifies the number of the exhibit. The first group of Exhibits beginning with "A" through "Z" contains within it "A1" through "A8", "B1" through "B3", though not all letters have letter and number combinations. After exhibit "Z", Petitioners then use double letters "AA" through "OO". The exhibits are a varied assortment of documents, which include correspondence, hearing transcripts, Fair Hearing Decisions, invoices and briefs.

[2]     This proceeding began as a paper case under Index Number 1044/2019 and was converted to an e-filed case under Index Number 31834/2020 after Respondents' filed their Verified Answer and Return. See NYSCEF Doc # 1, County Clerk Minutes – Prior to Conversion. The record is therefore a combination of a paper and electronic file.

[3]     It appears that Petitioners' Reply was inadvertently uploaded twice as Doc ## 4 and 5.

Upon reading the foregoing papers it is ORDERED that the Petition is disposed as follows:

BACKGROUND

On August 7, 2019, Petitioners Tasha Ostler and Scott Maione filed an Article 78 Petition on behalf of themselves and their infant children, Medicaid recipients, challenging seven Fair Hearing Decisions of an Administrative Law Judge ("ALJ") of the NYS Department of Health denying them Medicaid reimbursement of various expenses that they incurred for third-party health insurance premiums, transportation expenses, prescription medication, co-pays, contact lenses, and other expenses incurred for their children. Petitioners challenge the denial of their reimbursement claims through Medicaid's fair hearing process where they presented evidence in support of their claims and testimony before ALJ Christopher Gallagher.

On October 23, 2019, Respondents moved to dismiss the Petition on the grounds that Petitioners' claims were barred by collateral estoppel and res judicata. Respondents also argued that the Petition failed to state a cause of action, because it seeks mandamus relief against the Department of Health for acts that were within the agency's discretion. By Decision and Order dated February 19, 2020, the Court granted Respondents' motion as to the Fair Hearing Decision 6567056Z, regarding Petitioner Scott Maione's claim for reimbursement of his third-party insurance premiums and Petitioner's claim on behalf of their daughter, M, for reimbursement of the third-party premium for her health insurance. The Court denied Respondents' motion as to the other six Fair Hearing Decisions, which address reimbursement of transportation expenses, prescription medication, co-pays, contact lenses, and expenses incurred by Petitioners' children. The Petition seeks a determination that the agency's Decisions denying reimbursement were arbitrary and capricious.

The Court directed Respondents to serve and file their Answer to the Petition and the Certified Record within 30 days of this Decision and Order and adjourned the return date of the Petition. The Petition is now fully submitted.

DISCUSSION

Petitioners challenge the following seven Decisions after Fair Hearing Decisions: Hearing #6500902Z; Hearing 6567056Z;[4] Hearing #7151879Q; Hearing #7152305N; Hearing

---

[4] Fair Hearing Decision #6567056Z is not reviewed herein, because the Court granted

#7152329P; Hearing #7152341Q; and Hearing #7152352Q. Only six Fair Hearing Decisions survived Respondents' motion to dismiss.

*Fair Hearing #6500902Z*

Fair Hearing Decision #6500902Z determined that: (1) Medical Answering Services ("MAS"), to which Petitioners submitted claims for reimbursement for out of county non-emergency transportation to Medicaid covered services and related expenses for the period January 23, 2011 through September 16, 2014, correctly reimbursed Petitioners; (2) MAS correctly reimbursed Petitioners at the rate established for "self-drive/in-home relative/caregiver or friend" from January 23, 2011 to present; and (3) DSS's July 31, 2013 determination to deny reimbursement for the costs of co-pays, pacifiers, kiddy cutlery, a feeding set and sun screen was correct.

*Fair Hearing #7151879Q*

Fair Hearing Decision #7151879Q determined that: (1) based on the record and the applicable regulations, Petitioners were correctly reimbursed for out of pocket expenditures incurred between January 1, 2011 and their receipt of M.'s Common Benefit Identification Card ("CBIC") on February 28, 2013. The ALJ further determined that Petitioners were properly denied reimbursement for expenditures related to their use of non-Medicaid providers after the CBIC was received; and (2) the ALJ could not review the second issue that was raised by Petitioners regarding the denial to them of reimbursement for transportation by the Rockland County Department of Health's Preschool/Early Intervention Program, because he lacked authority to review determinations of that agency and the issue was not one of the issues delineated in 18 NYCRR 358-3.1 as a subject for the fair hearing process.

*Fair Hearing #7152305N*

Fair Hearing Decision #7152305N determined that: (1) based on the record and the applicable regulations, Petitioners were correctly reimbursed for out of pocket expenditures incurred between January 1, 2011 and their receipt of J.'s CBIC on December 1, 2011. The ALJ further determined that Petitioners were properly denied reimbursement for expenditures related to their use of non-Medicaid providers after the CBIC was received; and (2) the ALJ could not review the second issue that was raised by Petitioners regarding the denial to them of

---

Respondents' motion to dismiss as to that Decision.

reimbursement for transportation by the Rockland County Department of Health's Preschool/Early Intervention Program, because he lacked authority to review determinations of that agency and the issue was not one of the issues delineated in 18 NYCRR 358-3.1 as a subject for the fair hearing process.

*Fair Hearing #7152329P*

Fair Hearing Decision #7152329P determined that Petitioners were properly denied reimbursement for the cost of a breast pump they purchased from Babies R Us, which was not a Medicaid provider, as determined by the New York State Department of Health's Medicaid Financial Management Unit

*Fair Hearing #7152341Q*

Fair Hearing Decision #7152341Q determined that the reimbursement amount paid to Petitioner Scott Maione of $186.72 (of the claimed $268.39) for out of pocket expenses incurred for prescription medication, co-pay and contact lenses was correct.

*Fair Hearing #7152352Q*

Fair Hearing Decision #7152352Q determined that the reimbursement amount paid to Petitioner Tasha Ostler of $804.79 (of the claimed $1,839.01) for out of pocket expenses incurred for prescription medication, co-pay and contact lenses was correct.

Respondents assert in their Answer that this proceeding must be transferred to the Appellate Division, Second Department pursuant to CPLR §7804(g), because Petitioners allege that the Decisions After Fair Hearing are not supported by substantial evidence. Verified Answer at 10 (citing *Capri v Daines*, 90AD3d 1530, 1530 [4th Dept 2011]; *Rosario v NYC Dept of Social Services*, 171 AD3d 1076 [2nd Dept 2019]; *Selby v Berlin*, 107 AD3d 902 [2nd Dept 2013]). Respondents refer to Petitioners' various allegations that the ALJ "disregard[ed] the evidence" they presented, failed to discuss a ledger and receipt packet, or ignored certain costs.

Petitioners do not oppose Respondents' characterization of their Petition. They assert that "the substantial evidence shows that ALJ Gallagher, and, in turn, ALJ Oto, who obviously ghosted the Decisions, arbitrarily and capriciously disregarded the empirical evidence provided by the Petitioners; provided none on behalf of the Agency [and] failed to calculate the expenses …". Petitioners' Reply at ¶114.

While the parties agree that the only question presented is whether the administrative determinations are supported by substantial evidence, the question of whether an article 78 proceeding must be transferred to the Appellate Division is one to be decided by the Court. *Bonded Concrete, Inc. v Town Bd. of Town of Rotterdam*, 176 AD2d 1137, 1137 [3rd Dept 1991] (citing *Matter of Save the Pine Bush v Planning Bd. of City of Albany*, 83 AD2d 741 [3rd Dept 1981]).

"A substantial evidence issue 'arises only where a quasi-judicial hearing has been held and evidence [has been] taken pursuant to law'". *Scherz v New York State Dep't of Health*, 93 AD3d 1302, 1303 [4th Dept 2012] (Article 78 proceeding challenging the determination of the New York State Department of Health denying claims for Medicaid reimbursement), quoting *Matter of Gigliotti v Bianco*, 82 AD3d 1636, 1638 [4th Dept 2011]). This case presents a substantial evidence issue as hearings were held before an Administrative Law Judge in each of the Fair Hearing Decisions for which Petitioners seek review. Petitioners testified at the hearings and presented evidence. Accordingly, transfer of this proceeding pursuant to CPLR §7804(g) is proper. *See Reliance Ambulette, Inc. v Rosen*, 181 AD3d 533 [1st Dept 2020] ("Substantial evidence supports OMIG's determination that petitioner received overpayments of Medicaid reimbursements for claims …").

Accordingly, it is

ORDERED that the matter is transferred to the Appellate Division, Second Judicial Department; and it is further

ORDERED that the Clerk of Court is directed to transmit the Petition, Answer, Return (Volumes 1-32) and Reply to Verified Answer and the file under Index Numbers 1044/2019 (which contains the bulk of the submissions) and 31834/2020 (which contains Petitioners' Verified Reply) to the Clerk of the Appellate Division, Second Judicial Department.

Dated: June 29, 2020  ENTER,
New City, New York

HON. PAUL I. MARX, J.S.C.