# Gasior Declaration
# Exhibit M

SUPREME COURT : STATE OF NEW YORK
COUNTY OF ROCKLAND
HON. PAUL I. MARX, J.S.C.
-------------------------------------------------------------X

APPLICATION OF SCOTT MAIONE and TASHA
OSTLER (and on behalf of their infant children),

                          Petitioners,

For a Judgment Pursuant to Article 78 of the Civil
Practice Law and Rules,

            -against-

HOWARD ZUCKER, on behalf of the NEW YORK
STATE DEPARTMENT OF HEALTH and THE NEW
YORK STATE DEPARTMENT OF HEALTH,

                          Respondents.
-------------------------------------------------------------X

To commence the statutory time period for
appeals as of right (CPLR 5513[a]), you are
advised to serve a copy of this order, with
notice of entry, upon all parties.

**FILED SL**

ORDER

**FEB - 5 2020**

ROCKLAND COUNTY
Index No: 830/2019 CLERK'S OFFICE

Petition Return Date:
Nov. 27, 2019



Doc ID: *050560660003 Type: COU
Kind: ARTICLE 78
Recorded: 02/05/2020 at 11:56:15 AM
Fee Amt: $305.00 Page 1 of 3
Transaction: ORDER
Rockland County, NY
Paul Piperato County Clerk

**SU-2019-000830**

The following papers numbered 1 through 6 were read in this Article 78 proceeding seeking an order overturning nine Decisions After Fair Hearing issued by the New York State Department of Health ("DOH Decisions"):

Notice of Petition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
Verified Petition/untabbed Exhibits A-R and AA-HH . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
Verified Answer/Return (Volumes I-41) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-4
Respondents' Memorandum of Law in Opposition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
Reply to Verified Answer and to Memorandum of Law in Opposition . . . . . . . . . . . . . . . . . . 6

Upon reading the foregoing papers it is

ORDERED that the matter is transferred to the Appellate Division, Second Judicial Department; and it is further

ORDERED that the Clerk of Court is directed to transmit the Petition, Answer, Memorandum of Law in Opposition, Record (Volumes 1-41), Reply to Verified Answer and the file under this Index Number to the Clerk of the Appellate Division, Second Judicial Department.

Petitioners challenge nine DOH Decisions denying them reimbursement for transportation, meals and other expenses they incurred while transporting their two disabled children to receive Medicaid covered services.

Pursuant to the fair hearing process provided to Medicaid recipients to review coverage determinations, Petitioners appeared at a number of fair hearings and presented evidence to support their claims for reimbursement of certain expenses under Medicaid. The fair hearings were held before an Administrative Law Judge ("ALJ") in 2018, resulting in nine DOH Decisions disposing of Petitioners' claims for reimbursement of mileage, meals and other expenses. In some instances, the ALJ found that a particular claim was untimely or unsubstantiated. Generally, the ALJ found that Petitioners did not meet the criteria for reimbursement under the New York State Medicaid Transportation Program Policy Regarding Reimbursement of Travel Related Expenses and the Travel Related Expenses Policy Guidance Manual (the "Transportation Policy").

Petitioners commenced this Article 78 proceeding seeking an order overturning all nine Decisions and granting Petitioners reimbursement.

Respondents assert that this proceeding must be transferred to the Appellate Division because it requires a determination whether the agency decisions, rendered after a hearing, are supported by substantial evidence. Memorandum of Law in Opposition at 15 (citing *Capri v Daines*, 90AD3d 1530, 1530 [4th Dept 2011]; *see also Rosario v NYC Dept of Social Services*, 171 AD3d 1076 [2nd Dept 2019] ("Judicial review of an administrative determination made after a hearing required by law is limited to whether the determination is supported by substantial evidence."); *Selby v Berlin*, 107 AD3d 902 [2nd Dept 2013]).

Petitioners, responding pro se,[1] contended that Respondents have not provided an argument why this Court is not able to review their Petition. Petitioners also asserted, however, that the Decisions are not supported by substantial evidence or were rendered without regard to the evidence Petitioners submitted in support of their claims.

---

[1] Petitioners are now represented by Louis J. Maione, Esq., who filed a Notice of Appearance on January 15, 2020.

The only question presented is whether the administrative determinations are supported by substantial evidence. Accordingly, the Court must transfer the matter to the Appellate Division, Second Department pursuant to CPLR §7804(g).

ENTER,

Dated: February 4, 2020
New City, New York

HON. PAUL I. MARX, J.S.C.

ENTERED
FEB - 5 2020
County Clerk Rockland

To: Louis J. Maione, Esq.
*Attorney for Petitioners*
303 E. 57th Street, 30th Floor
New York, NY 10022

Terrance K. Derosa, Esq.
Assistant Attorney General
Attorney General of the State of New York
*Attorneys for Respondents*
44 South Broadway, 5th Floor
White Plains, NY 10601