UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SCOTT MAIONE AND TASHA OSTLER, *on behalf of their three children*,

                        Plaintiffs,

                v.

DR. JAMES MCDONALD, *et al.*,

                        Defendants.

No. 18-CV-7452 (KMK)

OPINION & ORDER

---

Appearances:

Louis J. Maione, Esq.
Law Offices of Louis J. Maione
New York, NY
*Counsel for Plaintiffs*

Nora Louise Machuga, Esq.
Samantha L. Buchalter, Esq.
Ian Bain, Esq.
Office of the Attorney General of New York State
New York, NY
*Counsel for Defendants McDonald, Guinn, Zucker, and Roberts*

Larraine S. Feiden, Esq.
Thomas E. Humbach, Esq.
County of Rockland Department of Law
New City, NY; New York, NY
*Counsel for Defendants Silvestri and Sherwood*

KENNETH M. KARAS, United States District Judge:

    Plaintiffs Scott Maione ("Maione") and Tasha Ostler ("Ostler") (together, "Plaintiffs"), brought this Action on behalf of their children (the "Plaintiff-Children"), against Dr. James McDonald ("McDonald"), Commissioner of New York State's Department of Health ("DOH"); Nirav Shah ("Shah"), former Commissioner of DOH, Barbara C. Guinn ("Guinn"), Commissioner of New York State's Office of Temporary and Disability Assistance ("OTDA");

Kristen M. Proud ("Proud"), former Commissioner of OTDA; Nancy Murphy ("Murphy"), former Medicaid Supervisor; Anne Marie Massaro ("Massaro"), former employee of Office of Health Insurance Programs; Darlene Oto ("Oto"), Principal Hearing Officer at OTDA; Flo Mercer ("Mercer"), OTDA Compliance Coordinator; Rebecca Syrotynski ("Syrotynski"), Medicaid calculations clerk (together, the "State Defendants"); Joan Silvestri ("Silvestri"), Commissioner of the Rockland County ("County") Department of Social Services ("DSS"); Susan Sherwood ("Sherwood"), former Commissioner of DSS; Adrienne Alcaro ("Alcaro"), former Rockland Medicaid Director (together, the "County Defendants") among others, alleging violations of the United States and New York State Constitutions, in connection with Medicaid reimbursements.[1]  (*See generally* Third Am. Compl. ("TAC") (Dkt. No. 217).)[2]  As explained in detail below, the only two remaining claims in this case concern requests for prospective injunctive relief.

Before the Court are two Motions to Dismiss—one filed by the State Defendants (the "State Motion"), (*see* State Not. of Mot. (Dkt. No. 227)), and another filed by the County Defendants (the "County Motion" and together the "Motions"), (County Not. of Mot. (Dkt. No. 224))—pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  For the following reasons, both Motions are granted.

## I. Background

This seven-year-old case has already produced numerous written opinions by multiple courts.  This Court therefore assumes the Parties' familiarity with the legal, factual, and

---

[1] As official-capacity Defendants, Guinn has been automatically substituted for former OTDA Commissioner Samuel D. Roberts ("Roberts") pursuant to Federal Rule of Civil Procedure 25(d).

[2] Unless otherwise noted, the Court cites to the ECF-stamped page number in the upper-right corner of each page it cites from the record.

procedural background of this case as set forth in those opinions. (*See* Op. & Order ("2024 MTD Op.") 2–8 (Dkt. No. 212); Op. & Order ("2022 MTD Op.") 2–10 (Dkt. No. 183); Op. & Order ("2020 MTD Op.") 2–11 (Dkt. No. 140).) *See also Maione v. McDonald*, No. 22-782, 2023 WL 4759251, at *1 (2d Cir. July 26, 2023) (summary order) (summarizing the factual and procedural background in this case affirming in part and vacating in part the Court's 2022 MTD Opinion).[3]

### A. The 2024 MTD Opinion

After Plaintiffs appealed this Court's 2022 MTD Opinion, the Second Circuit affirmed this Court's dismissal of Plaintiffs' claims against state officials for money damages because of state sovereign immunity, *Maione*, 2023 WL 4759251, at *2, and claims under 42 U.S.C. § 1983 against Defendants in their individual capacities because the SAC did not contain plausible allegations as to their personal involvement in the constitutional violations that Plaintiff-Children allegedly suffered, *id.* at *4. But the Second Circuit remanded the case for this Court to consider two potential claims for prospective injunctive relief identified by the Second Circuit: (1) a cost-sharing claim and (2) a claim about the Early and Periodic Screening, Diagnostic, and Treatment ("EPSDT") program. *See Maione*, 2023 WL 4759251, at *2–3. The cost-sharing claim encompasses allegations that Defendants were improperly providing the children's Medicaid benefits through a program that required them to maintain their primary insurance, subject to reimbursement from the state for premiums and other costs. *See id.* The EPSDT claim involves

---

[3] The 2024, 2022, and 2020 MTD Opinions can be found on Westlaw at the following citations: *Maione v. McDonald*, No. 18-CV-7452, 2024 WL 4289886 (S.D.N.Y. Sept. 24, 2024); *Maione v. Zucker*, No. 18-CV-7452, 2022 WL 784483 (S.D.N.Y. Mar. 15, 2022), *aff'd in part, vacated in part, and remanded*, *Maione*, 2023 WL 4759251; and *Maione v. Zucker*, No. 18-CV-7452, 2020 WL 5751582 (S.D.N.Y. Sept. 25, 2020).

allegations that Defendants' EPSDT policy violates federal law because DSS failed to reimburse what Plaintiffs alleged to be medically necessary expenses. *See id.*

This Court issued the 2024 MTD Opinion on September 24, 2024. (*See generally* 2024 MTD Op.) In the 2024 MTD Opinion, the Court granted in part and denied in part the State Defendants and County Defendants' respective motions to dismiss. (*See id.* at 2.) The Court denied Defendants' motions to dismiss the cost-sharing claim but dismissed the EPSDT claim without prejudice. (*See id.* at 19, 21.)

B. The Instant Motions

Plaintiffs filed a Third Amended Complaint ("TAC") on October 28, 2024. (*See* TAC (Dkt. No. 217).) State Defendants filed the State Motion on January 10, 2025. (*See* State Not. of Mot.; State Defs' Mem. of Law in Supp. of State Defs' Mot. ("State Mem.") (Dkt. No. 228); Declaration of William Emery in Supp. of State Mot. ("Emery Decl.") (Dkt. No. 230).) The County Defendants filed the County Motion that same day. (*See* County Not. of Mot.; County Defs' Mem. of Law in Supp. of County Defs' Mot. ("County Mem.") (Dkt. No. 226); Declaration of Larraine Feiden, Esq. in Supp. of County Defs' Mot. ("Feiden Decl.") (Dkt. No. 225).) Plaintiffs filed their Opposition and accompanying materials on February 21, 2025. (*See* Pls' Mem. of Law in Opp. of Mot's. ("Pls' Opp'n") (Dkt. No. 231); Declaration of Tasha Ostler in Opp'n to Mots. ("Ostler Decl.") (Dkt. No. 231-1).) On March 7, 2025, the State and County Defendants filed their respective Replies. (*See* State Defs' Reply Mem. of Law in Further Supp. of State Defs' Mot. ("State Reply") (Dkt. No. 234); County Defs' Reply Mem. of Law in Further Supp. of County Defs' Mot. ("County Reply") (Dkt. No. 233).)

II. Discussion

A. Standards of Review

1. Rule 12(b)(1)

"A federal court has subject matter jurisdiction over a cause of action only when it has authority to adjudicate the cause pressed in the complaint." *Gunn v. Malani*, No. 20-CV-2681, 2023 WL 2664805, at *3 (S.D.N.Y. Mar. 28, 2023) (quoting *Bryant v. Steele*, 25 F. Supp. 3d 233, 241 (E.D.N.Y. 2014)). "Determining the existence of subject matter jurisdiction is a threshold inquiry[,] and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (internal quotation marks and citation omitted), *aff'd*, 561 U.S. 247 (2010); *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014) (describing subject matter jurisdiction as the "threshold question" (internal quotation marks and citation omitted)).

The Second Circuit has explained that a challenge to subject-matter jurisdiction pursuant to Rule 12(b)(1) may be facial or fact-based. *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). When a defendant raises a facial challenge to standing based solely on the complaint and the documents attached to it, "the plaintiff has no evidentiary burden" and a court must determine whether the plaintiff asserting standing "alleges facts that affirmatively and plausibly suggest that the plaintiff has standing to sue." *Id.* (alterations adopted) (quoting *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011)). In making such a determination, a court must accept as true all allegations in the complaint and draw all inferences in the plaintiff's favor. *Id.* at 57. However, where a Rule 12(b)(1) motion is fact-based and a defendant proffers evidence outside the pleadings, a plaintiff must either come forward with controverting evidence or rest on the pleadings if the evidence offered by the defendant is

5

immaterial. *See Katz v. Donna Karan Co., LLC*, 872 F.3d 114, 119 (2d Cir. 2017). If the extrinsic evidence presented by the defendant is material and controverted, the Court must make findings of fact in aid of its decision as to standing. *See Carter*, 822 F.3d at 57.

### 2. Rule 12(b)(6)

The Supreme Court has held that although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of [its] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and internal quotation marks omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*. (alteration and internal quotation marks omitted). Instead, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (citation

omitted) (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2))); *id*. at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and "draw[] all reasonable inferences in favor of the plaintiff," *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)). Additionally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks and citation omitted); *see also Wang v. Palmisano*, 157 F. Supp. 3d 306, 317 (S.D.N.Y. 2016) (noting that a district court should only consider the complaint, documents appended to the complaint or incorporated by reference, and matters judicial notice can be taken of in ascertaining facts for a motion to dismiss).

B. Analysis

To reiterate, the Second Circuit affirmed the Court's dismissal of all claims initially brought, but remanded to allow Plaintiffs to bring the following two claims. *See Maione*, 2023 WL 4759251, at *2–4. Plaintiffs' first claim seeks an order enjoining the State and County Defendants from imposing cost-sharing.[4] (*See* TAC ¶ 1.) The second claim seeks an order

---

[4] Plaintiffs bring claims against Defendants in their individual capacities, but the Court already held—and the Second Circuit affirmed—that Plaintiffs had failed to plead any claim under 42 U.S.C. § 1983 because there were no plausible allegations as to Defendants' personal

enjoining Defendants' EPSDT policy because of alleged violation of federal law.[5] (*See id.* ¶¶ 129–38.) Defendants move to dismiss these two remaining claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[6]

---

involvement in the alleged constitutional deprivation. (*See* 2024 MTD Op. 4; 2022 MTD Op. 15–18.) *See also Maione*, 2023 WL 4759251, at *4. The Court dismisses the individual capacity claims again for the same reason.

[5] Plaintiffs submitted the Ostler Declaration, which contains additional allegations not pleaded in the TAC. (*See generally* Ostler Decl.) When confronted with material from outside the pleadings in connection with a motion under Rule 12(b)(6),

> Rule 12(d)[] . . . presents district courts with only two options: (1) the court may exclude the additional material and decide the motion on the complaint alone[,] or (2) it may convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material.

*Palin v. N.Y. Times Co.*, 940 F.3d 804, 810–11 (2d Cir. 2019) (internal quotation marks omitted); *see also Cunningham v. USI Ins. Servs., LLC*, No. 21-CV-1819, 2024 WL 2832924, at *2 (S.D.N.Y. June 3, 2024) (declining to convert a motion to dismiss into one for summary judgment "because it has not considered matters outside of the pleadings" (citing *Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000))). Here, there is no question that the Ostler Declaration should be excluded, particularly given that no Party is requesting that the Court convert the Motions into motions for summary judgment.

Further, to the extent Plaintiffs seek to supplement the facts alleged in the TAC through their Opposition, the Court emphasizes that the law is clear that they cannot do so. *See Schulz v. Medtronic, Inc.*, No. 21-CV-414, 2022 WL 503960, at *2 (D. Conn. Feb. 18, 2022) ("[I]t is axiomatic that [a] [c]omplaint cannot be amended by the briefs in opposition to a motion to dismiss." (quoting *Weir v. City of New York*, No. 05-CV-9268, 2008 WL 3363129, at *9 (S.D.N.Y. Aug. 11, 2008))); *see also Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (explaining that a plaintiff may not amend the complaint through his opposition brief); *Red Fort Cap., Inc. v. Guardhouse Prods. LLC*, 397 F. Supp. 3d 456, 476 (S.D.N.Y. 2019) (stating that a complaint cannot be amended by an opposition brief).

[6] The Court notes that County Defendants argue that Plaintiffs' claims for prospective injunctive relief should be barred by the doctrine of res judicata. (County Mem. 8–9.) However, the Court has already declined multiple times to apply that doctrine in this Action as against the claims of Plaintiff-Children. (*See* 2024 MTD Op. 13 n.11; 2020 MTD Op. 13–16.) The Court will adhere to its prior holdings as to this issue.

1. Rule 12(b)(1)

Defendants argue that Plaintiffs' cost-sharing claim is moot under Rule 12(b)(1) because of the change in the program designated for Plaintiffs. (State Mem. 18–21; County Mem. 6.) The Court agrees.

Under Rule 12(b)(1), "[t]o establish standing to obtain *prospective* relief"—in this case, injunctive relief—"a plaintiff must show a likelihood that he will be injured in the future," *Carver v. City of New York*, 621 F.3d 221, 228 (2d Cir. 2010) (emphasis added) (internal quotation marks and citation omitted), "[t]hat is, a plaintiff must demonstrate a 'certainly impending' future injury," *Marcavage v. City of New York*, 689 F.3d 98, 103 (2d Cir. 2012) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)).[7] To do so, "a plaintiff cannot rely solely on past injuries; rather, the plaintiff must establish how he or she will be injured prospectively and that the injury would be prevented by the equitable relief sought." *Id.*; *see also Johnson v. Padin*, No. 20-CV-637, 2020 WL 4818363, at *6 (D. Conn. Aug. 16, 2020) ("To obtain prospective injunctive relief, whether preliminary or permanent, a plaintiff 'cannot rely on past injury[,] but must show a likelihood that she will be injured in the future." (alterations adopted) (quoting *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998)); *Kelly*

---

[7] These requirements derive from caselaw concerning Article III standing more generally. To establish that fundamental requirement, a plaintiff must show "(1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a 'likelihood' that the injury 'will be redressed by a favorable decision.'" *Vitagliano v. County of Westchester*, 71 F.4th 130, 136 (2d Cir. 2023) (per curiam) (quoting *Picard v. Magliano*, 42 F.4th 89, 97 (2d Cir. 2022)). An injury in fact, in turn, means "an invasion of a legally protected interest," *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)), that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical," *Lujan*, 504 U.S. at 560 (internal quotation marks omitted); *see also Lacewell v. Off. of Comptroller of Currency*, 999 F.3d 130, 141 (2d Cir. 2021). "At the pleading stage, a plaintiff need only 'clearly allege facts demonstrating' each element." *Doe No. 1 v. Putnam County*, 344 F. Supp. 3d 518, 528 (S.D.N.Y. 2018) (alteration adopted) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

*v. N.Y. State Civ. Serv. Comm'n*, No. 14-CV-716, 2015 WL 861744, at *4 n.4 (S.D.N.Y. Jan. 26, 2015) (emphasizing the need for a plaintiff to demonstrate likelihood of future harm for prospective injunctive relief). Thus, a plaintiff may allege a "future injury" if the plaintiff shows that "the threatened injury is 'certainly impending,' or there is a 'substantial risk' that the harm will occur." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 n.5 (2013)).

As the Court previously noted, Plaintiffs assert that Defendants have "improperly delivered the [Plaintiff-C]hildren[s'] Medicaid benefits through a program that requires them to maintain their primary insurance, subject to reimbursement from the state for premiums and other costs." (*See* 2024 MTD Op. 6; *see* TAC ¶¶ 129–38.) The alleged "consequence of this arrangement [is that] the minor children have been required to share the costs of their Medicaid expenses in violation of federal Medicaid law." (2024 MTD Op. 6.)

Again, (*see id.* at 14–15), federal law generally prohibits Medicaid providers to share medical costs with Medicaid recipients who are minor children, *see generally* 42 U.S.C. § 1396*o*. Specifically, the applicable statute provides that:

> [A] State [Medicaid] plan shall provide that in the case of individuals . . . who are eligible under the plan—
>
> no deduction, cost sharing or similar charge will be imposed under the plan with respect to . . . services furnished to individuals under 18 years of age (and, at the option of the State, individuals under 21, 20, or 19 years of age, or any reasonable category of individuals 18 years of age or over)[.]

*Id.* § 1396*o*(a)(2)(A). Federal regulations are in accord. *See, e.g.*, 42 C.F.R. §§ 447.56(a)(1)(iii), (v) (prohibiting the imposition of "premiums or cost sharing upon," various groups, including "[i]ndividuals under age 18" and "[a]t State option, individuals under age 19, 20 or age 21"). Federal cost-sharing prohibitions have been incorporated into New York law as well; for instance, under the Social Services Law, insurance "[c]o-payments shall apply to all eligible

persons . . . with the exception of[] . . . individuals under twenty-one years of age[.]" N.Y. Soc. Serv. Law § 367-a(6)(b)(i).

Plaintiffs allege that: (1) their family was placed in a hybrid insurance arrangement, (*see* TAC ¶¶ 28, 43); (2) pursuant to that arrangement they were required to pay out-of-pocket for certain costs such as co-pays, (*see id.* ¶¶ 33–34); and (3) Defendants have "refused" to make Plaintiffs whole in connection with those out-of-pocket costs, (*id.* ¶ 77), when federal law prohibits individuals like Plaintiff-Children from sharing in such costs, *see, e.g.*, 42 U.S.C. § 1396*o*(a)(2)(A). Plaintiffs further allege that they are entitled to prospective injunctive relief because there is a risk that Defendants will "continue to refuse to reimburse" Plaintiffs and "insist on Plaintiffs paying current co-pays" in violation of federal law. (*See* TAC ¶ 131.)

The Second Circuit instructed the Court to "determine whether Plaintiffs' claim that Defendants are unlawfully requiring them to receive their Medicaid benefits through a process that results in them having to cost-share remains a live claim." *Maione*, 2023 WL 4759251, at *3. Defendants bear the burden to establish mootness. *See Mhany Mgmt., Inc. v. County of Nassau*, 819 F.3d 581, 603 (2d Cir. 2016) ("[T]he burden of showing mootness logically falls on a defendant because, 'by the time mootness is an issue, the case has been brought and litigated, often (as here) for years. To abandon the case at an advanced stage may prove more wasteful than frugal.'" (quoting *Friends of the Earth, Inc. v. Laidlaw Env't Servs.*, 528 U.S. 167, 191–92 (2000))). In the 2024 MTD Opinion, the Court found that Defendants did not meet their burden because "[a]lthough they note that Plaintiffs' counsel apparently conceded before the Second Circuit that the FHP-PAP itself had been repealed . . . [Defendants] *do not* argue that Plaintiffs are no longer enrolled in the type of hybrid insurance arrangement set forth in the SAC." (*See* 2024 MTD Op. 19.)

11

This time, Defendants have established that the cost-sharing claim is moot. "[Plaintiffs'] complaint [is] the best evidence of the relief that [they] seek[.]" *Town of Chester, N.Y. v. Laroe Ests., Inc.*, 581 U.S. 433, 440 (2017). In the TAC, Plaintiffs admit that they are no longer enrolled in a hybrid insurance arrangement; they are now enrolled in a Managed Medicaid Plan Health Management Organization ("HMO"). (TAC ¶¶ 99–101.) Under the HMO, Plaintiffs incur no "out-of-pocket costs," (*id.* ¶ 29), "never [have] to cost-share," (*id.* ¶ 30 (emphasis removed)), "never [have] to put out a penny of their own money as an out-of-pocket expense," (*id.* ¶ 40 (emphasis removed)), and they can "visit[] the doctor without having to pay a penny," (*id.*).

DOH further substantiates the mootness of Plaintiffs' cost-sharing claim. In evaluating this assertion, the Court notes that it may "consider materials outside the pleadings, including affidavits, to determine whether it has subject matter jurisdiction." *Melendez v. R.W. Garcia Co. Inc.*, No. 24-CV-9500, 2025 WL 1220903, at *2 (S.D.N.Y. Apr. 28, 2025) (quoting *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003)). "If a controversy is moot, the Court lacks subject matter jurisdiction over it." *Dawlah v. Jaddou*, No. 23-CV-9538, 2024 WL 4728979, at *2 (S.D.N.Y. Nov. 8, 2024) (citing *Fox v. Bd. of Trs. of State Univ. of N.Y.* 42 F.3d 135, 140 (2d Cir. 1994)). Where a Rule 12(b)(1) motion is fact-based and defendant proffers evidence outside the pleadings, plaintiff must either come forward with controverting evidence or rest on the pleadings. *Katz*, 872 F.3d at 119.

Defendants submit that "[a]fter being disenrolled and no longer having health insurance through the employer, on January 3, 2024, Scott Maione, Tasha Ostler, and children MM and Si M. received notice that they were enrolled in the HealthFirst managed care plan through NY State of Health, the State's health insurance marketplace, effective February 1, 2024." (Emery

12

Decl. ¶ 7; *see* Emery Decl. Ex B ("Enrollment Notice") at 2 (Dkt. No. 230-2).) Defendants also submit that "[i]ndividuals enrolled in mainstream managed care plans, such as the ones the Maione/Ostler family is currently enrolled in, are not subject to cost sharing. There are no premiums or co-pays required from these enrollees under the plan." (Emery Decl. ¶ 8; *see* Enrollment Notice at 2.) The Court can consider these materials "to determine whether it has subject matter jurisdiction." *Myrna Melendez*, 2025 WL 1220903, at *2. Plaintiffs' briefing is non-responsive as it fails to present controverting evidence to disprove whether they enrolled in the Medicaid Managed Care Plan as of February 2024 or whether that plan requires cost sharing. (*See generally* Pls' Opp'n.) Because the extrinsic evidence presented by Defendants is material, the Court must make findings of fact to aid its decision on standing. *See Carter*, 822 F.3d at 57. Accordingly, the Court finds that: (1) Plaintiffs enrolled in the Medicaid Managed Care Plan as of February 2024, and (2) under that plan, Plaintiffs do not pay premiums or co-pays.

Because Plaintiffs are no longer subject to cost-sharing under the HMO, Plaintiffs' cost-sharing claims are moot. As such, the Court no longer has subject matter jurisdiction over this claim. *See Dawlah*, 2024 WL 4728979, at *2 ("If a controversy is moot, the Court lacks subject matter jurisdiction over it." (citing *Fox*, 42 F.3d at 140)); *Jaime v. New York State Dep't of Corr. Cmty. Supervision*, No. 24-CV-3763, 2024 WL 3028938, at *4 (S.D.N.Y. June 17, 2024) (dismissing a § 1983 claim for prospective injunctive relief as moot); *cf. Cruz v. N.Y.C. Dep't of Educ.*, No. 19-CV-856, 2020 WL 1322511, at *8 (S.D.N.Y. Mar. 20, 2020) ("Plaintiff has received exactly the kind of educational placement in a private school that he sought. The Department paid fully for that relief . . . . The case is dismissed as moot and without substantive basis." (quoting *M.S. ex rel. M.S. v. N.Y.C. Dep't of Educ.*, 734 F. Supp. 2d 271, 273 (E.D.N.Y. 2010))).

2. Rule 12(b)(6)

As to Rule 12(b)(6), the merits analysis for injunctive relief dovetails with the Rule 12(b)(1) standing analysis. That is, "to state a claim for permanent injunctive relief, a plaintiff must plausibly allege that [he or] she *will* suffer irreparable harm should the injunction be denied and demonstrate *actual* success on the merits of [his or] her claim." *Johnson*, 2020 WL 4818363, at *6 (emphases added) (citing *Oginbene v. Parkes*, 671 F.3d 174, 182 (2d Cir. 2012)); *see also Roku, Inc. v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A to the Compl.*, No. 22-CV-2168, 2023 WL 137747, at *2 (S.D.N.Y. Jan. 9, 2023) (stating that a claim for injunctive relief cannot be granted without irreparable harm and likely success on the merits); *Hartcorn Plumbing & Heating, Inc. v. Town of Oyster Bay*, No. 18-CV-218, 2020 WL 5802288, at *1 (E.D.N.Y. Sept. 29, 2020) (underscoring the necessity of irreparable harm and likely success on the merits for an injunctive relief claim to prevail).

a. Cost-Sharing Claim

Even if the cost-sharing claim were not moot, Plaintiffs' request for injunctive relief still fails under Rule 12(b)(6) because Plaintiffs have not plausibly pled that there is a genuine likelihood of future harm. A plaintiff may obtain injunctive relief only if "there is a real and immediate threat of repeated injury." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1982) (citation omitted). Here, Plaintiffs' claim for prospective relief entirely rests on allegations of cost-sharing that mostly point to past payments. (*See* TAC ¶¶ 87–90 (alleging that DSS denied Plaintiffs reimbursement for medically necessary expenses around 2011); *see also id.* ¶¶ 61–64 (alleging that Plaintiffs were denied reimbursement for medically necessary expenses around 2014); *id.* ¶ 47 (alleging that Plaintiffs "*were* denied 99 percent of their expenses" (emphasis added))). In particular, the only allegations of ongoing and future cost-sharing are that: (1) "[i]n the past the Family has been denied medical care when it failed to pay co-pays to certain

14

providers. Based on past experience, it now anticipates the same problem when it visits these practices[,]" (*id.* ¶ 103); and (2) "[r]ecently the Family also was asked to make co-pays on medications for the Infants that should have been fully paid by Medicaid as they had been prescribed by a participating physician in the HMO[,]" (*id.* ¶ 105 (emphasis removed)).

But these conclusory allegations, which lack any details about their timing or circumstances, do not plausibly establish that there will be any future cost-sharing burdens. *See Carambot v. N.Y.C. Health & Hosps. Corp.*, No. 24-CV-841, 2025 WL 753893, at *10 (S.D.N.Y. Mar. 10, 2025) ("Such conclusory allegations, unaccompanied by additional factual detail, are insufficient to survive a motion to dismiss."); *Malinowski v. Int'l Bus. Machines Corp.*, No. 23-CV-8421, 2025 WL 965812, at *3 (S.D.N.Y. Mar. 31, 2025) (emphasizing that "statements too conclusory and lacking in sufficient factual detail are insufficient to survive a motion to dismiss" (internal quotation marks and citation omitted)); *cf. Eshelby v. L'Oreal USA, Inc.*, 664 F. Supp. 3d 417, 427 (S.D.N.Y. 2023) (dismissing a claim for injunctive relief because plaintiff made only conclusory allegations of possible future injury). Rather, Plaintiffs concede they are enrolled in the HMO, (TAC ¶¶ 99–101), which undercuts any plausible claim that they face any risk of future harm from cost-sharing; under the HMO, Plaintiffs incur no "out-of-pocket costs," (*id.* ¶ 29), "never [have] to cost-share," (*id.* ¶ 30 (emphasis removed)), "never [have] to put out a penny of their own money as an out-of-pocket expense," (*id.* ¶ 40 (emphasis removed)), and they can "visit[] the doctor without having to pay a penny," (*id.*). Thus, even assuming arguendo that the cost-sharing claim could survive the jurisdictional challenge, the Court dismisses the cost-sharing claim under Rule 12(b)(6).

### b. EPSDT Claim

Next, the Court considers whether Plaintiffs have plausibly alleged a claim for prospective relief in connection with Defendants' purported violations of "federal law through

15

[their EPSDT services policy] by failing to reimburse what Plaintiffs allege are 'medically necessary' expenses." *Maione*, 2023 WL 4759251, at *3. In the 2024 MTD Opinion, the Court found a single allegation in the SAC that "Plaintiffs . . . continue to suffer significant improper expense reimbursements, [which] violat[e] . . . EPSDT" to be too conclusory to survive a Rule 12(b)(6) motion. (2024 MTD Op. 19–20.) Despite the opportunity to amend their complaint for the third time to address these deficiencies, Plaintiffs still fall short.

Plaintiffs' allegations about future harm are, once again, conclusory.[8] The only allegation about ongoing or future harm is that "violations of federal Medical law continue." (TAC ¶ 102.) Such a conclusory claim does not state a plausible claim of future harm. *See Porter v. Bunch*, No. 16-CV-5935, 2019 WL 1428431, at *10 (S.D.N.Y. Mar. 29, 2019) ("Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." (alteration adopted) (quoting *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002))); *see also Lombardo v. Freebern*, No. 16-CV-7146, 2019 WL 1129490, at *9 (S.D.N.Y. Mar. 12, 2019) (emphasizing that conclusory allegations cannot survive a Rule 12(b)(6) motion to dismiss).

Other than this bare assertion, Plaintiffs continue to rely upon alleged instances in the past when Defendants allegedly did not reimburse Plaintiffs for purportedly medically necessary expenses. (*See* TAC ¶¶ 87–90 (alleging that DSS denied Plaintiffs reimbursement for medically necessary expenses around 2011); *see also id.* ¶¶ 61–64 (alleging that Plaintiffs were denied reimbursement for medically necessary expenses around 2014); *id.* ¶ 47 (alleging that Plaintiffs "*were* denied 99 percent of their expenses" (emphasis added)).) In other words, Plaintiffs do not

---

[8] Plaintiffs' allegations about co-pays are irrelevant to the EPSDT claim because the EPSDT program does not reimburse co-pays. *See* 42 U.S.C. § 1396d(a) (defining medical assistance and not mentioning co-payment). (*See* State Mem. 24.)

16

allege that Defendants have unlawfully failed to reimburse them for medically necessary expenses recently, nor do they specifically allege any facts that plausibly suggest they should expect future occurrences of such mistreatment. This also is fatal to Plaintiffs' claim. *See Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998) ("A plaintiff seeking injunctive . . . relief cannot rely on past injury to satisfy the injury requirement."); *accord Johnson*, 2020 WL 4818363, at *6 (dismissing claim for injunctive relief where the plaintiff failed to allege future harm); *Patterson v. Patterson*, No. 16-CV-844, 2019 WL 1284346, at *6 (W.D.N.Y. Mar. 20, 2019) ("Plaintiff fails to allege an ongoing violation or threat of future enforcement of federal law that would entitle him to injunctive relief."); *Caruso v. Zugibe*, No. 14-CV-9185, 2015 WL 5459862, at *6 (S.D.N.Y. June 22, 2015) (denying claim for prospective injunctive relief because, "even if [the] defendants [had] violated [the] plaintiff's rights in the past as she allege[d]," the plaintiff "ha[d] not plausibly alleged a sufficient likelihood that [s]he [would] again be wronged in a similar way" (citations and internal quotation marks omitted)); *see also Pungitore v. Barbera*, 506 F. App'x 40, 41 (2d Cir. 2012) (summary order) ("[W]hen seeking prospective injunctive relief, the plaintiff must prove the likelihood of *future* or *continuing* harm." (emphases in original)).

Accordingly, the State and County Defendants' Motions are granted as to Plaintiffs' EPSDT claim.[9]

---

[9] The Court dismisses Plaintiffs' request for attorneys' fees under 42 U.S.C. § 1988. Section 1988 allows for the award of reasonable attorney's fees to a "prevailing party." 42 U.S.C. § 1988. "Plaintiff[s'] substantive claims here have been dismissed, and therefore there is no basis to award attorney's fees." *Regnante v. Sec. & Exch. Offs.*, 134 F. Supp. 3d 749, 773 (S.D.N.Y. 2015) (citing *Sullivan v. Chappius*, 711 F. Supp. 2d 279, 287 (W.D.N.Y. 2010)); *see also Larson v. United States*, No. 16-CV-245, 2016 WL 7471338, at *12 (S.D.N.Y. Dec. 28, 2016) ("Because [Plaintiff] is not the 'prevailing party' in this case, this Court also [dismisses] [Plaintiff]'s claim for attorney's fees."), *aff'd*, 888 F.3d 578 (2d Cir. 2018).

17

### 3. Leave to Re-Plead

Plaintiffs have requested that if the Court grants Defendants' Motions, this Court should grant Plaintiffs leave to file a Fourth Amended Complaint. (*See* Pls' Opp'n 23–24.) Leave to amend a complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[I]t is within the sound discretion of the district court to grant or deny leave to amend." *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018) (internal quotation marks and citation omitted). "Leave to amend, though liberally granted, may properly be denied for . . . 'repeated failure to cure deficiencies by amendments previously allowed' . . . [or] 'futility of amendment,'" among other reasons. *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, Plaintiffs have already amended their complaint three times. (*See generally* TAC.) "Generally, a plaintiff's failure to fix deficiencies in the previous pleading, after being provided notice of them, is alone sufficient ground to deny leave to amend." *Turnipseed v. Simply Orange Juice Co.*, No. 20-CV-8677, 2022 WL 657413, at *8 (S.D.N.Y. Mar. 4, 2022); *see also Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257–58 (2d Cir. 2018) ("When a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment even if the proposed second amended complaint in fact cures the defects of the first. Simply put, a busy district court need not allow itself to be imposed upon by the presentation of theories seriatim." (italics omitted)).

Moreover, Plaintiffs have failed to otherwise suggest that they are "in possession of facts that would cure the deficiencies that Defendants highlighted in the instant [Motions] and that the Court highlighted in this [O]pinion." *Turnipseed*, 2022 WL 657413, at *8; *see also TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (noting that a plaintiff

need not be given leave to amend if the plaintiff fails to specify how amendment would cure the pleading deficiencies in the complaint).

Because this is the second explicit adjudication of Plaintiffs' claims for prospective injunctive relief on the merits, the TAC is dismissed with prejudice. *See Denny v. Barber*, 576 F.2d 465, 471 (2d Cir. 1978) (holding that the plaintiff was not entitled to "a third go-around"); *Melvin v. County of Westchester*, No. 14-CV-2995, 2016 WL 1254394, at *24 n.19 (S.D.N.Y. Mar. 29, 2016) (granting a motion to dismiss with prejudice where "[the] [p]laintiff has already had two bites at the apple[,] and they have proven fruitless" (internal quotation marks and citation omitted)).

### III. Conclusion

For the foregoing reasons, Defendants' Motions are granted with prejudice.

The Clerk of Court is respectfully directed to terminate the instant Motions, (Dkt. Nos. 224, 227), mail a copy of this Opinion & Order to Plaintiff, and close this case.

SO ORDERED.

Dated: September 18, 2025
       White Plains, New York

                                           KENNETH M. KARAS
                                           United States District Judge